# Nazareth Literary and Benevolent Institution *vs* Lowe and wife.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Dower. Mechanic's lien. Vendor's lien.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THIS writ of error brings up for revision, a decree for allotting dower to *Honore Lowe*, (*formerly Kelly*,) as the widow of *Thomas Kelly*, deceased, in a house and lot in the city of *Louisville*.

*Kelly* bought the lot, when vacant, for $600, payable at a future time, and commenced the erection on it of a large brick dwelling house, which was partially completed in September, 1833, when the vendor conveyed to him the legal title, reserving, *in the deed*, a lien for the consideration, the whole of which still remained unpaid.

The building mechanics and material men, claiming a lien on the house for the amount of their respective bills, in virtue of the statute of 1831, (*Sess. Acts, p.* 118,) and apprehending that *Kelly* was insolvent, (as seems to have been the fact,) filed a bill in Chancery for enforcing their liens, and during the pendency of that suit, to-wit:

CHANCERY.

*Case* 82.

*May* 11.

Question stated.

NAZARETH LIT.
& BENEVO. INST.
*vs*
LOWE AND WIFE.

in September, 1834, *Kelly* conveyed the house and lot to trustees, with power to sell, for the purpose of paying the adjusted claims of the mechanics and material men, who had reduced their demands 25 per cent. as a partial consideration of that conveyance. The trustees sold publicly, and conveyed the property to *James Marshall*, in 1835, for about $4000, and Marshall having expended upwards of $2000, in completing the house, sold and conveyed it and the lot to the trustees of the *Nazareth Literary and Benevolent Institution*, for about $6000, and these last purchasers, not only extended the improvements, but paid also the $600 for which the first vendor had reserved a lien in his conveyance to *Kelly.*

The Chancellor decided that Mrs. Lowe's right of dower was not subject, either to the lien for the original consideration, or to that of the mechanics and material men, and in this important particular, it seems to us that he erred.

Widow is not entitled to dower in lands conveyed, with a reservation of lien for the purchase money, until it is paid.

The lien for the $600 was coeval with the inception of *Kelly's* equitable right to the lot. Kelly acquired his equity subject to that lien, and his wife's initiate right to dower could not have been better or greater than her husband's original right to the lot. The title and the lien being *connate*, there never was any right in Kelly or his wife, unincumbered by the lien; and the conveyance to Kelly, having expressly reserved the lien, his legal right, and that of course also of his wife, were subject to that incumbrance, just as their equitable rights had always been. We cannot doubt, therefore, that her claim to dower in the lot is posterior, in fact and in law, to the reserved lien for the original consideration.

If property thus situated in Louisville is improved, building mechanics and material men, have a lien on the real property built on, for work and materials, commencing with each part as progressing, & continuing throughout—which liens are first to be

Nor have we any doubt that her title to dower in the dwelling house is equally subject to the legal liens of the mechanics and material men. Her claim to dower in the house could not have been initiated before there was any house, or part of a house, and the lien given by the statute would be unavailing and illusory, unless it commenced with the commencement of the building and progressed with the progress of the erection, *pari passu.* The lien was inherent in, and co-extensive with the work and materials. Every part of the work was done, and

every material was furnished, subject to the lien. *Kelly* never had any right to the house, or to any part of it, unincumbered by the statutory lien—how then could his wife, whose right was consequential merely, have ever had a better and broader interest in the house than the husband himself ever had? Her right to dower could not, in our judgment, have been better than it would have been had her husband bought the house after it had been built, and in his purchase, given a lien on it for the agreed price of it.

NAZARETH LIT.
&BENEVO. INST.
*vs*
LOWE AND WIFE.

removed before right to dower attaches—after these liens are removed, widow is entitled to dower in the remainder.

Then, had the house been sold to *Marshall*, under a valid decree for enforcing the statutory lien, *Kelly's* widow would have had no available right to dower in it, because the proceeds of the sale did not entirely discharge the debts, for securing which, the lien was given by law.

And as the record exhibits intrinsic evidence that the sale made by the trustees was fair, and for a full price, it seems to us that *Mrs. Lowe* has so far failed to manifest, to a Court of Equity, a just and enforcible claim to dower, to any extent, in the dwelling house.

If the lot, as unimproved, be worth more than the original consideration, ($600,) she is entitled to be endowed of one third of such excess. This, in our opinion, is the utmost of her dowable interest, unless the house also, *as sold by the trustees*, was worth more than enough to *discharge all the statutory liens*, to the extent of which excess, if there be any such, she might be dowable of one third.

Therefore, it is the opinion of this Court, that the Chancellor's decree herein, be reversed, and the cause remanded, for such further proceedings and decree, as may be proper, consistently with the foregoing principles.

*Pirtle* for plaintiffs: *Loughborough* for defendants.