Whiteman v. Harriman et al.

---

No. 8944.

WHITEMAN v. HARRIMAN ET AL.

PRINCIPAL AND SURETY.—*Contribution.*—*Subrogation.*—*Mortgage.*—A. was indebted by promissory notes to a number of persons, on one of which B. and C. were his sureties, on several others B. only was surety, and on others D. only was surety. Afterwards A. made to B. and D. a chattel mortgage, to secure the payment of all his said debts, reserving the right to possess the property and to sell it, applying the proceeds in payment of said debts, which was done in part. C. was compelled to pay the demand on which he and B. were joint sureties. Suit by C. against B. and D. for the amount he had paid.

Whiteman *v.* Harriman *et al.*

---

*Held,* that the acceptance of the mortgage did not impose upon B. and D. any joint obligation as sureties upon all the debts mentioned in the mortgage.

*Held,* also, that the mortgage was a security for all said debts, *pro rata,* so that C., having paid the debt on which he and B. were co-sureties, became entitled to the share applicable to that demand.

*Held,* also, that B. was liable to C. for contribution, as a co-surety.

*Held,* also, that D. was not so liable to C., and, not having received more than his proper share of the mortgaged goods, was not liable at all to him.

HARMLESS ERROR.—There can be no available error in sustaining a demurrer to one paragraph of a complaint, where the plaintiff has the full benefit of the facts properly pleaded therein, under an issue formed on another paragraph.

From the Newton Circuit Court.

*W. H. H. Graham* and *S. P. Thompson,* for appellant.

*J. T. Sanderson,* for appellees.

BLACK, C.—On the 13th of July, 1876, one William H. Harrison, as principal, and George M. Harriman and Amos O. Whiteman as sureties, executed to the First National Bank of Watseka, Illinois, a promissory note for $309.30, payable three months after date. Said Harriman was surety for said Harrison on a number of other notes, and one Bluford Light was Harrison's surety for certain other debts, but he was not a co-surety with Harriman or Whiteman for any debt. Harrison, Harriman and Light resided in Newton county, Indiana, and Whiteman resided in Illinois.

On the 17th of August, 1876, Harrison executed to Harriman and Light a mortgage upon certain personal property, being the mortgagor's interest in a paid-up lease of a certain farm for three years from the 1st of March, 1876, the crop on said farm, certain farm products, live-stock, agricultural implements, household furniture and utensils, and one note for ninety dollars; the condition of the mortgage being, "that whereas the said William H. Harrison is justly indebted to said George M. Harriman and Bluford Light, in the sums hereinafter named, as evidenced by certain promissory notes, which the said Harriman and Light have secured the payment of, to wit, one note of $310, of June 13th, 1876,

at the National Bank at Watseka, with interest thereon; one note of $340, of February 1st, to Joseph Law, and ten per cent. interest; one note of $218, of October 1st, 1875, to George M. Harriman, with ten per cent. interest; one note of $300, date about March 1st, 1874, to Thomas Askew, with seven per cent.; one note of $100, date about July 6th, 1874, to Aletho Crowl, with ten per cent.; one note of $55, date about November, 1875, to Samuel H. Benjamin; one note of $267.65, at the bank of Ade, McCray & Co., in Kentland, and about $200, a balance due the estate of Benjamin Harrison, deceased; amounting in all, with interest, to about $2,000, all without any relief from valuation or appraisement laws; it is agreed and understood by the parties hereto, that said William H. Harrison shall retain possession of said property hereby sold, until said notes and debts hereby secured become due; the said Harrison shall have the right to sell and dispose of any part of said property, with the consent of said Harriman and Light, and apply the proceeds of such sale or sales to the payment of said notes; and when said notes and debts have been paid in full, and said Harriman and Light released from said security, then this obligation to be void, otherwise to remain in full force and virtue in law; the whole to be settled within two years from March 1st, 1877, and if not paid within that time the said Harriman and Light shall then have the right to take and keep possession of said property wherever it may be found, without any process of law, and the same shall become the absolute property of said George M. Harriman and Bluford Light; and the said William H. Harrison hereby expressly agrees not to remove the said property from the place where it now is, without the consent of said Harriman and Light, and then to sell the same and apply the proceeds towards paying the debts as hereinbefore stated," etc.

There were various renewals of the note so made to said Watseka bank, and, a portion of it having been paid by said Harrison and Harriman, a final renewal was made November

6th, 1878, by the execution to said bank of a note for $250, due ninety days after date, by Harrison as principal and Harriman and Whiteman as sureties. Whiteman paid this note in full soon after its maturity, and it was thereupon surrendered to him by the payee, said bank. On the 4th of March, 1879, this action was brought by said Whiteman, the appellant, against said Harriman and Light, the appellees.

The complaint was in three paragraphs. The appellees demurred separately, for want of sufficient facts, to each paragraph of the complaint; and the demurrers were sustained to the first paragraph and overruled as to the other paragraphs. Appellees answered separately, by general denials. The cause was tried by a jury, who found for the appellant in the sum of $128.43, against appellee Harriman, and found in favor of appellee Light. Appellant moved for a new trial; and the court offered to grant him a new trial as against Harriman, but not as against Light. Appellant having declined this offer, the court overruled his motion, and rendered judgment in accordance with the verdict.

Sustaining the demurrer to the first paragraph of the complaint, and overruling the motion for a new trial, are assigned as errors.

The first specification of the assignment of errors is not much pressed in argument; but we have examined the first paragraph of the complaint, and we think it showed a right of contribution against appellee Harriman, for it alleged his co-suretyship with appellant, the payment by appellant of the debt for which they were sureties, after its maturity, and the insolvency of Harrison, the principal. The paragraph also counted upon a promise and agreement of Harriman and Light, said to have been contained in a chattel mortgage, but the mortgage was not made part of this paragraph, which was, therefore, insufficient as to Light.

But appellant was not harmed by the ruling on the demurrer, for the same right of contribution against Harriman was shown in the third paragraph of the complaint, and there-

under appellant had the benefit of his claim for contribution against Harriman as fully as he could have had it under the first paragraph.

The note first mentioned in the mortgage was the note first executed, as aforesaid, to the Watseka bank, on which Harriman and appellant were sureties. Harriman was also surety on all the other items of Harrison's indebtedness mentioned in the mortgage, except the note to Ade, McCray & Co., and the debt to the Harrison estate; and Light was surety only on said note to Ade, McCray & Co., and said indebtedness to the Harrison estate.

The mortgaged property was left in the possession of Harrison, as stipulated in the mortgage, and some of the debts were paid in full and some in part. About the 1st of February, 1879, Harrison removed from the State, without the knowledge of either of the appellees. Harriman and Light procured appraisers, who, appellant being present, appraised the mortgaged property left by Harrison upon his removal.

The second paragraph of the complaint was based upon a charge of negligence of the appellees in leaving the property in the possession of Harrison, and in permitting it to be wasted and destroyed.

Harrison had in the mortgage reserved the right to retain possession, and the appellees do not appear, from the evidence, to have been wanting in diligence in causing the application of the property to the payment of the debts secured thereby, as provided in the mortgage, or in preserving what Harrison left behind when he removed.

At the time of Harrison's removal there were unpaid by him debts mentioned in the mortgage, amounting to about $963. Of this amount Light had paid on the note to Ade, McCray & Co., $243. The indebtedness to the Harrison estate had been paid by Harrison. The property left by Harrison was worth about $192. Light received of the property so left goods worth about $49, the remainder being taken by Harriman.

The third paragraph of the complaint, besides showing a cause of action against Harriman for contribution, charged Harriman and Light with having taken possession of the mortgaged property, and having appropriated it to their own use, and with failing to apply its value to the payment of the note paid by appellant.

Counsel for appellant insist that by the acceptance of said mortgage the appellees were jointly bound for the application of the mortgaged property to the debts mentioned in the mortgage.

Without determining whether or how far this question was involved in the issues tried, it may be said that, in giving this security to the appellees, Harrison reserved to himself the right of possession and of sale for the payment of the debts, and Light, who was not a surety for the indebtedness to the Watseka bank, or co-surety with appellant before the execution of the mortgage, did not become such by its acceptance ; that it was a security to each of the mortgagees for his particular liabilities, and they did not, by acceptance of the mortgage, become jointly bound to all the creditors, whose claims were further secured by the mortgage, or become sureties for each other as to those claims. As to the remnant of the property abandoned to them, each mortgagee was interested in it in proportion to the unpaid portion of the debts on which he was liable as surety ; and the unpaid creditors, for whom Harriman and Light respectively were sureties, were interested in such remnant as their respective sureties were interested, and in the proportion of their respective claims, and Whiteman, having paid one of those claims, was subrogated to the right of the creditor whose claim he had paid. See *Burnett* v. *Pratt*, 22 Pick. 556 ; *Constant* v. *Matteson*, 22 Ill. 546.

Light does not appear to have received more than his reasonable proportion of the goods. Appellant may have been entitled to recover a larger amount from Harriman than was awarded by the jury, and he assigned as one ground for a

new trial, that the damages were too small; but he expressly declined a new trial as to Harriman alone.

The alleged grounds for a new trial, as against Light, and the argument thereon, relate to appellant's theory of the joint liability of the mortgagees above stated, and to the question of the sufficiency of the evidence.

It does not appear that the result reached as to Light was substantially incorrect, and we find no error for which the judgment should be reversed. ·

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the costs of the appellant.