Farnsley *et al. v.* The Anderson Foundry and Machine Works.

No. 8812.

FARNSLEY ET AL. *v.* THE ANDERSON FOUNDRY AND MACHINE WORKS.

CHATTEL MORTGAGE.—*Foreclosure.*—*Parties.*—In a suit to foreclose a chattel mortgage, the mortgagor, having sold the chattel and having no interest therein, is not a necessary party defendant.

PAYMENT.—*Collateral Security.*—*Pleading.*—Where a creditor, holding a claim as collateral security, collects it and applies the proceeds to his own use, it is a payment *pro tanto,* and the fact may be shown under an answer alleging payment.

From the Pulaski Circuit Court.

*G. Burson, S. Claypool* and *W. A. Ketcham,* for appellants.
*W. Spangler* and *T. S. Rollins,* for appellee.

NIBLACK, C. J.—On the 10th day of February, 1877, Thomas C. McQuitty and Celina, his wife, in conjunction with John L. Ogle and George A. Zeek, executed to the Anderson Foundry and Machine Works, of Anderson, in this State, a chattel mortgage on a steam engine, boiler, fixtures, and other accompanying articles of personal property, to secure, amongst other things, the payment of a promissory note made by the mortgagors for the sum of $436.86, payable twelve months after the date of the mortgage. The mortgage was duly recorded in the county of Pulaski, in which the mortgagors resided, and in which the property was situate. Afterwards the mortgagors sold and transferred the mortgaged property to one James Farris, who soon thereafter sold and delivered it to James Farnsley and Frank Slocum.

This was a suit by the Anderson Foundry and Machine Works against Farnsley and Slocum to foreclose the mortgage, alleging the non-payment of the note, to which reference is made as above. The defendants demurred to the complaint upon the ground that the mortgagors ought to have been made co-defendants with them in the action, but the demurrer was overruled.

The defendants answered in six paragraphs. The second and third paragraphs were both, but in different forms, general pleas of payment.

The fifth paragraph averred that the makers of the note and mortgage, after they had been executed, placed in the hands of the mortgagee other notes as collateral security for the payment of the note in suit, and other notes secured by the same mortgage, and that the mortgagee had collected upon the notes so left as collateral security, and appropriated to his own use, $200 more than enough to satisfy the other notes named in the mortgage, and that said sum of $200 ought to be set off against, and deducted from, the note set out in the complaint.

A demurrer was sustained to this fifth paragraph of the answer, and, issue being joined, the court found that there was due upon the note the sum of $521.74, and, over a motion for a new trial, decreed a foreclosure of the mortgage.

The mortgagors were proper, but not necessary, co-parties with Farnsley and Slocum, inasmuch as they had no remaining interest in the mortgaged property, and as no personal judgment was demanded upon the note. *Stevens* v. *Campbell,* 21 Ind. 471; *Scarry* v. *Eldridge,* 63 Ind. 44.

The fifth paragraph of the answer was, in its essential averments, a plea of partial payment. The facts set up by it were, therefore, provable under both the second and third paragraphs, alleging full payment, and upon which issue was joined. We need not, consequently, inquire whether this fifth paragraph was well pleaded, as, in any event, no substantial injury was done to the appellants by the decision of the court sustaining the demurrer to it. 1 Works Pr., section 537; 1 Ripley's Digest, p. 585; *Whiteman* v. *Harriman,* 85 Ind. 49.

The bill of exceptions, copied into the transcript, contains evidence purporting to have been adduced at the trial, but it does not state, either directly or inferentially, that the evi-

dence which it contains is all that was given in the cause. For this reason there is no proper question before us as to the sufficiency of the evidence to sustain the finding of the circuit court. *Brickley* v. *Weghorn,* 71 Ind. 497; *Brock* v. *State, ex rel.,* 85 Ind. 397.

The judgment is affirmed, with costs.