[No. 1685.　Decided June 7, 1895.]

ALLEN WEIR, *Respondent*, v. J. C. RATHBUN, *Appellant.*

CHATTEL MORTGAGE — PARTIES TO FORECLOSURE — JUDGMENT — SALE BY MORTGAGOR — REPRESENTATIONS AS TO AMOUNT DUE — NOTICE TO PURCHASER.

In a suit to foreclose a chattel mortgage, it is not necessary to make the mortgagor a party when he has parted with all his interest in the property.

A purchaser of property which is subject to a chattel mortgage cannot avail himself, as against the mortgagee, of a mistake of one holding the mortgage as collateral security as to the amount due thereon, where the amount due has been correctly stated by the mortgagee and deducted from the purchase price.

A decree for the sale of mortgaged chattels in a foreclosure pro ceeding is sufficient without the rendition of any personal judgment for the payment of money, when the mortgagor has parted with his interest and has not been made a party.

*Appeal from Superior Court, Thurston County.*

*Phil Skillman*, and *J. C. Rathbun*, for appellant.
*Allen Weir*, and *Troy & Falknor*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—Respondent was the owner of certain personal property. He sold it to one. T. A. Crisman and in part payment therefor took certain promissory notes made by said Crisman and secured by mortgage upon the property sold. Afterwards, upon the payment of part of the sum secured by the mortgage, some of the property was released. The remainder came into possession of one David Boger, with whom the appellant entered into negotiations for its purchase, and, having knowledge that Boger's title was subject to the mortgage to respondent, went to him for the purpose of finding out the amount of the mortgage debt, and

was informed that there was about $230 still unpaid. He was also informed that the mortgage had been assigned to one Springer as collateral security, and that said Springer could inform him as to the exact amount. Before the appellant saw Springer he was told by the respondent that he had just received a statement which showed that there was still due upon the mortgage $233. Thereafter, appellant saw said Springer and was given information to the same effect by him. Afterwards, appellant asked Springer to show him the notes which were secured by the mortgage, and by mistake was by said Springer shown one less note than was then in existence.

It appeared from the proofs that it was this mistake of Springer which led to the controversy between the respondent and the appellant, for the reason that appellant claimed that upon an estimate made by him of the amount due upon the notes exhibited, after deducting therefrom the amount of the payments which had been made, as furnished by Springer, there was due and unpaid only about $25, and that he had at all times been willing to pay that amount; while the amount due upon all the notes, including the one not exhibited to appellant, was about $233.

At the time when these conversations were had between the appellant, the respondent and Springer, the appellant was negotiating with said Boger for the purchase of the property. The price at which Boger held it was $600, which he afterwards reduced to $550; and there was no claim, even in the testimony of the appellant, that at any time did said Boger talk about the value of the property, for the purposes of the trade, as being less than the sum of $550. The negotiations between the appellant and Boger, resulted in a purchase by the appellant, subject to the mort-

gage, for the sum of $317. The notes and mortgage were afterwards reassigned by said Springer to the respondent, who, after demand upon the appellant and refusal by him to pay the sum still due, commenced this action to foreclose the mortgage upon the property which had been purchased by appellant. To this suit Crisman, the mortgagor, was not made a party, and for that reason the appellant objected to the introduction of any testimony by the respondent. His objection was overruled by the court, and this ruling is the foundation of the first complaint made in this court.

The pleadings and the undisputed proofs showed that the appellant was the owner of the property, and, under the circumstances of this particular case, sufficiently established the fact that the mortgagor, Crisman, had parted with all his interest therein. This being so, he was not a necessary party to the proceedings to foreclose the mortgage. See Jones, Chattel Mortgages, § 783; *Farnsley v. Foundry & Machine Works*, 90 Ind. 120; *Harrington v. Miller*, 4 Wash. 808 (31 Pac. 325).

The second ground upon which appellant claims relief is that the respondent was bound by the declarations of Springer as to the amount due upon the mortgage, and that from such declarations it appeared that only about $25 was still unpaid, and that for that reason the mortgage could not be foreclosed against the appellant for more than that sum. It is not necessary that we should decide as to whether or not the respondent, under the circumstances disclosed by the proofs, was bound by the representations of Springer, for the reason that in our opinion such circumstances were brought to the knowledge of the appellant as to give him notice that Boger, the owner of the property, and the respondent were acting upon the supposition that

there was still due and unpaid upon the mortgage about $233; and this being so, he was not in a situation to avail himself of the mistake made by Springer in failing to exhibit one of the notes secured by the mortgage.

The other claim for relief grows out of the form of the decree. It is claimed that because of the fact that it contains no judgment against any person for the payment of money, it is void under our statute. (Code Proc. § 637.) The form of the action and the parties thereto were such that there could have been no personal judgment for the recovery of the moneys, and the holding that where the mortgagor has parted with his interest he is not a necessary party requires the further holding that there may be a decree of foreclosure which contains no adjudication against any one for the payment of money. This would be the rule in the absence of any statute as to the form of the judgment, and, in our opinion, it is not changed by our statute upon the subject. Such statute, fairly construed, contemplates a decree for the foreclosure of the mortgage and, in a proper case, for a personal judgment in the same action. But it does not follow that in a suit in which there can be no personal judgment for want of the necessary parties, there can be no decree for the foreclosure of the mortgage, when the proper parties for that purpose are before the court.

The decree will be affirmed.

Scott, Dunbar and Anders, JJ., concur.

Gordon, J., not sitting.