CHICAGO, INDIANA & EASTERN RAILWAY COM-
PANY v. INDIANA NATURAL GAS & OIL
COMPANY.

[No. 19,963.   Filed November 24, 1903.]

INJUNCTION.—*Railroads.*—*Pipe-Lines of Gas Company Across Right of
Way.*—*Transportation of Gas by Artificial Means.*—*License.*—Where a
natural gas company constructed and maintained its pipe-lines
under and across the right of way of a railroad company by virtue
of an express license in writing, supported by a valuable consid-
eration, the fact that the gas company thereafter used artificial
means to increase the flow of gas through its pipes affords no
ground for enjoining it from so doing at the suit of the railroad
company, it not being shown that such method of transportation
increased the danger of accidents.   *pp. 446–448.*

SAME.—*Violation of Statute.*—*Injury to Property.*—Before a party is
entitled to relief by injunction because of the violation of a
statute, it must appear that by reason of such unlawful act his
person or property is exposed to danger or subjected to injury.
*p. 448.*

SAME.—*Railroads.*—*Gas Companies.*—*Construction of Pipe-Lines Under
Railroad.*—*Transportation of Gas by Artificial Means.*—*Pleading.*—An
allegation in a cross-complaint, in a suit by a gas company en-
gaged in transporting natural gas by pipe-lines to compel a rail-
road company to permit the gas company to place an additional
pipe-line under the railroad right of way, that the gas company
is transporting gas by artificial means in violation of law, and
that such violation of the statute causes the railroad company a
special injury, peculiar to itself, aside from and independent of
the general injury to the public, and exposes the property of the
railroad company to a particular damage which the statute was
intended to prevent, is a mere conclusion of the pleader and fails
to show any change in the situation since the execution of the
license to conduct a pipe-line under the right of way which en-
titles the railroad company to injunctive relief.   *pp. 448, 449.*

From Grant Circuit Court; *H. J. Paulus*, Judge.

Suit by the Indiana Natural Gas & Oil Company against
the Chicago, Indiana & Eastern Railway Company.
From a judgment for plaintiff, defendant appeals. *Af-
firmed.*

*J. L. Custer, O. L. Cline, Knight & Brown, R. O. Hawkins* and *H. E. Smith,* for appellant.

*W. O. Johnson, C. C. Shirley, W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellee.

DOWLING, J.—The appellee, a corporation organized under the laws of this State, and engaged in the business of transporting natural gas by means of pipe-lines and pumping-stations to and from points in said State, brought this suit against the appellant, a railroad corporation, also organized under the laws of Indiana, and owning and operating a railroad therein, to compel the latter to permit the appellee to place a fourth line of pipe in and upon a right of way claimed and used by the appellee under the railroad of the appellant, to quiet its title to its said right of way, and to enjoin the appellant from interfering with its use thereof. The appellant filed its answer to the complaint, and also its cross-complaint in five paragraphs. Demurrers to the second and third paragraphs of the cross-complaint were sustained, and after this ruling the appellant dismissed its action as to the first, fourth, and fifth paragraphs of its cross-complaint. Issues were formed, the cause was tried by the court, and there was a finding and judgment for the appellee.

The errors assigned are upon the decisions of the court sustaining demurrers to the second and third paragraphs of the cross-complaint.

Counsel for appellee make the point that at the time these rulings occurred there were three other paragraphs of the cross-complaint before the court, which are not now in the record, and that the facts averred in these three paragraphs, or in one or more of them, may have been the same as those set forth in the paragraphs to which the demurrers were sustained. It is contended, therefore, that as the appellant might have introduced the same evidence and obtained the same relief under the other paragraphs of its cross-complaint, the decision of the court upon

the demurrers to the second and third paragraphs, even if erroneous, was harmless. The general rule is that, where a demurrer is sustained to one of several paragraphs of a pleading, the error is harmless if there are other paragraphs under which the same evidence is admissible. Elliott, App. Proc., §637; *Whiteman* v. *Harriman,* 85 Ind. 49, 52; *City of Elkhart* v. *Wickwire,* 87 Ind. 77; *Luntz* v. *Greve,* 102 Ind. 173, 176.

It is suggested in argument that if several paragraphs of a pleading are filed, and a demurrer is sustained to one of them because of its identity with another paragraph, the unsuccessful party, by afterwards withdrawing the remaining paragraphs, might obtain an unfair advantage on appeal unless it is presumed in favor of the ruling of the trial court that the same evidence would have been admissible under the paragraphs withdrawn after the decision on the demurrer, and subsequently omitted from the record. There is much force in this suggestion, but we prefer to place our decision in this case upon a more substantial ground.

It appears from the allegations of each paragraph of the cross-complaint that the appellee constructed and maintained its pipe-lines under and across the right of way of the appellant by virtue of an express license in writing executed by the appellant, and supported by a valuable consideration. This license was executed May 25, 1899, and at the time of the filing of the cross-complaint was in full force. Every objection now urged against the maintenance of the pipe-line for the transportation of natural gas existed when this agreement was entered into by the appellant. All the dangers from leakage, fire, explosions, and sinking of the railroad tracks arising from the maintenance of the pipe-line, together with the inconvenience of slackening the speed of trains while passing over the intersecting pipe-line, were as obvious and urgent when the appellant granted the license to construct and operate

the pipe-line under and across its right of way and railroad as when the cross-complaint was filed. It is not averred that these dangers and inconvenience have since been increased by any act or omission of the appellee.

The circumstance that the appellee is using artificial means to increase the flow of the gas through its pipes affords no ground for enjoining it from so doing at the suit of the appellant. The violation of a statute by the appellee is not of itself a sufficient reason for an injunction. It does not follow that such method of transportation increases the danger of accidents by leakage, fire, or explosion. In fact, from all that appears, such method may diminish the probability of such misfortunes. Before a party is entitled to relief by injunction because of the violation of a statute, it must appear that by reason of such unlawful act his person or property is exposed to danger or subjected to injury.

The dangers described in the cross-complaint arise from the nature of the article transported. They are constant and inseparable from it. They exist whether the natural gas is carried through pipes at a pressure of 300 pounds to the square inch or at a pressure of fifty pounds. They are as likely to occur when the gas is transported by natural pressure as when it is moved by artificial means. The danger of leakage and explosions is increased by pressure, however that pressure may be applied. The cross-complaint entirely fails to show that the danger to the property of the appellant has been increased in the slightest degree by the means employed by the appellee to move the gas through its pipes, or that it has sustained, or is likely to sustain, any special injury different from that of the public at large by the alleged unlawful acts of the appellee. *Manufacturers Gas, etc., Co.* v. *Indiana Nat. Gas, etc., Co.*, 155 Ind. 566.

The general averment in the second and third paragraphs that "such * * * violation of the statute

\* \* \* causes appellant a special injury, peculiar to it-self, aside from and independent of the general injury to the public, \* \* \* and exposes the property of the appellant to a particular damage, which the statute \* \* \* was intended to prevent," is a mere conclusion of fact, and fails to show any change in the situation since the execution of the license. The facts already stated in the cross-complaint do not authorize this conclusion. The matters set forth in the second and third paragraphs of the cross-complaint did not entitle the appellant to an injunction or other relief, and the demurrers thereto were properly sustained.

Judgment affirmed.