FERGUSON, ADMINISTRATRIX, *v.* CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 9,758. Filed February 21, 1919. Rehearing denied May 9, 1919. Transfer denied June 18, 1919.]

1. RAILROADS.—*Injuries to Persons on Tracks.—Paragraphs of Complaint.—Theories.*—In an action against a railroad company for the death of one killed while walking along defendant's tracks, *held* that the theory of two paragraphs of complaint was the same. p. 548.

2. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.*—Where a demurrer is sustained to one paragraph of complaint, and at the time there is another paragraph in the record under which the same facts are provable, and which is substantially upon the same theory, error in sustaining the demurrer is harm-

less, and the subsequent dismissal of such other paragraph will not render the error, if any, in the ruling on the demurrer available. p. 548.

3. RAILROADS.—*Injuries to Persons on Tracks.—Liability.—Last Clear Chance.*—Where railroad employes in charge of a train discover the presence of a person on the tracks and his ignorance of his danger and peril in time to protect him by exercising ordinary care, it is their duty to do so under the last clear chance doctrine, regardless of whether he is a licensee or trespasser, and failing so to protect him the railroad company is liable. p. 549.

From Marion Circuit Court (25,937) ; *Louis. B. Ewbank,* Judge.

Action by Olivia Ferguson, administratrix of the estate of James M. Ferguson, deceased, against the Cleveland, Cincinnati and St. Louis Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*George W. Galvin* and *Hottel & Patrick,* for appellant.

*Frank L. Littleton* and *Forrest Chenoweth,* for appellee.

NICHOLS, J.—This is a suit by Olivia Ferguson, administratrix of the estate of James N. Ferguson, deceased, for damages for the death of her husband.

The complaint was originally in two paragraphs. A demurrer was filed to each paragraph separately. The demurrer to the first paragraph was sustained. The demurrer to the second paragraph was overruled. This ruling was made on April 13, 1916. Thereafter, to wit, on April 24, 1916, the case was put at issue on the second paragraph of the complaint, by appellee filing an answer in general denial thereto. Thereafter, to wit, on May 17, 1916, appellant withdrew her second paragraph of complaint, and elected to

stand on the ruling on demurrer to the first paragraph of complaint. Appellant declining to plead further, the trial court rendered judgment in favor of the appellee and against the appellant for costs. From this ruling and judgment of the court this appeal is taken. The error relied upon for reversal is that the court erred in sustaining the demurrer to the first paragraph of the complaint.

The first paragraph of the complaint appears in the appellant's brief. After averring appointment of the appellee as administratrix, and locating appellee's railroad, so much of this paragraph as is necessary for this decision is as follows: "That heretofore, to wit: On the 23rd day of January, 1913, this plaintiff's decedent was in the employ of the Indianapolis Gas Company and, as such employee went to his work and was suddenly taken seriously indisposed and left his work to return to his home. That in his sick and indisposed condition he walked upon and across the tracks of said defendant lying between his home and the said place of his work and followed the course that he had been accustomed to follow for a long period of time, with the full knowledge, acquiescence and consent of the said defendant and entered upon the tracks of said defendant at a point long used by divers and sundry persons, residents of the eastern portion of the city, in going to their homes and in passing to and from their work, the said defendant well knowing and being fully advised of the use of its tracks and the frequent and constant passage of persons over and along its said tracks in the eastern part of said city of Indianapolis, near a thoroughfare of said city known as Sherman Drive, and fully acquiescing in such use. That as plaintiff's decedent passed

along and across the tracks of said defendant in a sick, dazed and hesitating condition, he was seen by said defendant and his condition was apparent to said defendant. That the defendant was at the time moving and manipulating a locomotive engine and train of cars along and over its tracks so as aforesaid located, and at the time being walked upon by plaintiff's decedent, and saw said decedent while upon its tracks and in the way of the movement of the said engine and train, and knew, or, by the exercise of reasonable care, could have known, his sick and dazed condition; and knew, or, by the exercise of reasonable care, could have known, that said decedent was unaware of the approach of said locomotive engine and train of cars and was at the time oblivious of the danger and peril from the movement of said locomotive engine and train of cars in ample time to have warned plaintiff's decedent of the approach of said engine and train, or, in the exercise of ordinary care, to have stopped the same and thereby avoided injuring him; and the said defendant, seeing plaintiff's decedent in his perilous and dangerous position upon the track of said defendant and knowing, or having every reason to know, his lack of knowledge of the approach of said locomotive engine and train of cars and his ignorance of the peril or danger he was in long before it reached said decedent and while having sufficient time to warn said decedent of his danger, and sufficient time to have stopped and avoided injuring him after discovering his position and peril, negligently and carelessly ran said locomotive engine and train of cars against and upon plaintiff's decedent and instantly killed him.''

The second paragraph of complaint appears in appellee's brief. After introductory averments as in

the first paragraph so much of the second paragraph as is necessary for this decision is as follows: "That within the corporate limits of said city of Indianapolis and along and near the two main tracks of defendant are erected and maintained by patrons of said defendant immense elevators, extensive manufactories and large business enterprises which are approached and entered by switches from said main tracks, and such switches are in constant use by employees of such business and persons having business therewith in passing to and from such establishments, and who had no other or different way of approaching or entering such establishments, all of which was well known to defendant, and such switches, were constructed by defendant and its business patrons for such, among other uses, and were so used with its full knowledge and consent and for their joint interest and benefit. That heretofore, to wit, on the 23rd day of January, 1913, this plaintiff's decedent was called upon, in business relations with one of the large enterprises so located along and near to defendant's main tracks, in the southeastern part of said city, having such switch tracks as aforesaid, and having entered the same and concluded his business, sought to leave such premises along and upon a switch track from said main track approaching and entering said business premises, and while upon said switch track and in the customary and lawful use of the same, the said defendant propelled one of its locomotive engines and train of cars along its main track and suddenly and without warning or notice of its intention so to do, negligently and carelessly switched its locomotive engine and train of cars from said main track into and upon said switch track so being used by decedent,

who was in entire ignorance of any peril or danger, and with full knowledge of decedent's presence and peril, negligently and carelessly ran its locomotive engine and train of cars against, upon and over said decedent, instantly killing him.''

We have carefully examined these paragraphs of complaint, and we can find no substantial difference in their theories. The facts provable under the first paragraph could have been as readily proved under the second paragraph. It is well established in this state that, where a demurrer is sustained to one paragraph of complaint, and at the time there is another paragraph in the record, under which the same facts are provable, and which is substantially upon the same theory, error in sustaining such demurrer is harmless; and if such paragraph is afterward dismissed by the plaintiff, this act will not render such error, if any, available. *Sanders* v. *Crawford* (1908), 41 Ind. App. 245, 83 N. E. 719; *Cleveland, etc., R. Co.* v. *Hollowell* (1909), 172 Ind. 466, 88 N. E. 680; *Chicago, etc., R. Co.* v. *Indiana Nat. Gas, etc., Co.* (1903), 161 Ind. 445, 68 N. E. 1008; *Whiteman* v. *Harriman* (1882), 85 Ind. 49; *City of Elkhart* v. *Wickwire* (1882), 87 Ind. 77; *Luntz* v. *Greve* (1885), 102 Ind. 173, 26 N. E. 128; *Field* v. *Noblett* (1900), 154 Ind. 357, 56 N. E. 841; *Lester* v. *Brier* (1882), 88 Ind. 296.

We find no available error in the record. Judgment affirmed.

### ON PETITION FOR REHEARING.

NICHOLS, J.—The appellant contends that, although the second paragraph of the complaint contains

"some allegations bordering on the doctrine
3. of last clear chance, it does not allege facts to
show that the appellee knew of decedent's
presence on the track in time to have avoided the injury and hence cannot be fairly said to be drawn on
that theory, in other words, the theory of this paragraph is that decedent was rightfully on the track
under an implied license and that his death resulted
from the original negligence chargeable to the appellee." We are wholly unable to harmonize this statement with the following averment quoted from the
plaintiff's second paragraph of complaint, speaking
of appellant's decedent: "While upon said switch
track and in the customary and lawful use of the same,
the said defendant propelled one of its locomotive
engines and train of cars along said track and suddenly and without any warning or notice of its intention so to do negligently and carelessly switched its
locomotive engine and said train of cars from the
main track to said switch track so being used by decedent, *who was in entire ignorance of any peril or
danger, with full knowledge of decedent's presence
and peril caused solely by the movements of said locomotive and train of cars and with full knowledge of
his ignorance of danger and peril,* negligently and
carelessly ran its said locomotive engine and train of
cars against, upon and over said decedent, instantly
killing him." With these averments, it can make no
difference whether the appellant's decedent was upon
the appellee's tracks under an implied license based
upon one state of facts or upon some other state of
facts, or whether he was there as a trespasser, for,
under the doctrine of last clear chance, the appellee
could not escape its liability even though the decedent

was a trespasser, where, before the commission of its negligent act, the presence of the decedent and his ignorance of his peril and danger were known to the appellee in time to have avoided his injury by the use of ordinary care. 29 Cyc 443; *Chicago, etc., R. Co.* v. *Pritchard* (1907), 168 Ind. 398, 414, 79 N. E. 508, 81 N. E. 78, 9 L. R. A. (N. S.) 857. This being the law, the facts necessary to a recovery would not have made it incumbent upon the appellant to show that her decedent was rightfully upon the appellee's tracks, under an implied license based upon either the state of facts set up in the first paragraph of the complaint, or upon the state of facts set up in the second paragraph of complaint; for if the appellee discovered the presence of appellant's decedent and his ignorance of his danger and peril in time to have protected him, it was its duty so to do as the one having the last clear chance, regardless of whether he was a licensee for any reason, or a trespasser, and failing so to protect him, it would have been liable in damages.

The petition for rehearing is overruled.