[No. 26691.   Department One.   July 6, 1937.]

JAMES F. LEE et al., Respondents, v. C. O. SWANSON et al., Appellants.[1]

[1]Reported in 69 P. (2d) 824.

*James P. H. Callahan,* for appellants.

*Ryan, Askren & Ryan* and *Howard W. Sanders,* for respondents.

MILLARD, J.—This action was instituted by James F. Lee and W. S. Saunders to recover on two promissory notes of N. Arthur Nelson, each for $950, one payable to each plaintiff, and to foreclose a chattel mortgage on certain hotel furniture and equipment, executed by Nelson to secure the payment of the two notes.

N. Arthur Nelson, C. O. Swanson and wife, Charles H. Swanson, and Carl O. Swanson, were made parties defendant. An order of default for failure to answer was entered against all of the defendants except Nelson, on whom the plaintiffs were not able to obtain service because of his absence from the state. Thereafter, on motion of the defendants Swanson, the order of default and judgment were vacated.

Plaintiffs prayed for foreclosure of their mortgage and a deficiency judgment against Nelson. Defendants Charles H. Swanson and Carl O. Swanson answered, disclaiming any interest in the property in controversy, and were dismissed from the action. Defendants C. O. Swanson and wife answered, alleging they entered into an agreement with the plaintiffs, under the terms of which they leased to the plaintiffs a hotel building in Hoquiam, and at the same time they sold to the plaintiffs, on conditional sale contract, furniture, etc., for use in the hotel building. The contract be-

tween the parties provided that, when the plaintiffs paid the purchase-price of the property described in the conditional sale contract, the plaintiffs would execute a note in the sum of $2,500 to C. O. Swanson and wife, secured by chattel mortgage on all of the property described in the conditional sale contract, as security for the payment to the defendants of the stipulated rentals under the lease agreement. Defendants further alleged that the personal property described in the conditional sale contract is the same as that described in the chattel mortgage which the plaintiffs seek to foreclose. The plaintiffs failed to execute and deliver the note and mortgage to the defendants, as required by the lease.

Approximately three years subsequent to the execution of the lease agreement, C. O. Swanson consented to an assignment of plaintiffs' lease to N. Arthur Nelson, upon representations by the plaintiffs that they were selling the personal property and lease to Nelson. For the purpose of destroying the rights of the defendants to the security provided in the lease, the plaintiffs fraudulently, secretly, and without defendants' knowledge, caused N. Arthur Nelson to execute the chattel mortgage which the plaintiffs seek to foreclose in this action.

A large amount of rent was then due to the defendants under the terms of the lease, and they would not have consented to the assignment of the lease had they known of the execution of the chattel mortgage by Nelson to the plaintiffs. Seventeen months after the assignment of the lease to Nelson, the rentals due under the provisions of the lease became further delinquent to the amount of approximately five thousand dollars. Thereupon, the defendants terminated the lease, and without actual knowledge of the chattel mortgage executed by Nelson to the plaintiffs, took

possession of the furniture, etc., for the purpose of protecting their liens under the terms of the lease.

A few weeks later, Nelson, with the actual knowledge of the plaintiffs, brought an action against defendants for conversion of the furniture. The defendants answered, setting up a counterclaim by reason of Nelson's failure to pay rent and defendant's claim of liens under the lease and the statute. A demurrer to the counterclaim was sustained, but on appeal to this court, the cause was remanded for further hearing on the counterclaim. Nelson and the defendants settled that action, Nelson giving to the defendants a bill of sale for the furniture, etc., and the defendants giving to Nelson a full discharge of their claims against him. At no time did the plaintiffs in the present action appear and assert any claim to the property which was the subject-matter of the controversy between Nelson and the defendants, although each of the plaintiffs was at all times cognizant of the issues involved in the action for conversion.

By their reply, the plaintiffs placed the appellants' affirmative defense in issue and affirmatively alleged that, prior to the time that the defendants took possession of the property in controversy, the plaintiffs notified defendants C. O. Swanson and wife of plaintiffs' mortgage, and that the plaintiffs were insisting on their rights under that mortgage.

Trial to the court resulted in findings of fact and conclusions of law in favor of the plaintiffs. The decree entered in harmony therewith awarded to the plaintiffs recovery of the principal of their notes, with interest thereon, ordered foreclosure of the chattel mortgage executed by N. Arthur Nelson in favor of the plaintiffs and the sale of the property which is the subject-matter of that mortgage to satisfy the judgments awarded to the plaintiffs.

The judgments against the defendants Swanson provide that

" . . . each of them, and all persons claiming by, through or under them, be, and they hereby are barred and foreclosed of all right, title, estate, lien or interest in and to . . . the personal property in question."

Defendants appealed.

■■ Appellants first contend that the court was without jurisdiction because of the failure of the respondents to bring Nelson into court as a party defendant.

The purpose of this action was to foreclose a chattel mortgage held by the respondents. In their complaint, the respondents prayed for foreclosure of their mortgage and for a deficiency judgment against N. Arthur Nelson, the mortgagor. Service on Nelson within this state was not obtained, whereupon the respondents proceeded against the property; that is, the respondents elected to do that which they had the legal right to do—foreclose the mortgage.

Appellants' failure to deny the allegations of the complaint constituted an admission of the truth of those allegations. It is true that appellants pleaded as an affirmative defense the execution of a lease with respondents, under the terms of which the respondents were obligated to execute a note and chattel mortgage to the appellants, upon payment by the respondents of the last installment of the purchase price of the personal property bought on conditional sales contract from the appellants, as security for rental due under the lease. It is true, as appellants alleged, that the respondents did not execute the note and mortgage. There is no evidence, however, of a demand by the appellants for the note and mortgage, or that the respondents refused to execute and deliver same to the appellants.

It will be remembered that, in an action between Nelson and the appellants for conversion, that dispute was settled after an appeal to this court. In that settlement, Nelson gave to the appellants a bill of sale to the property in question, and the appellants released Nelson from all claims they had against him for rent. The respondents alleged that, at the time of the execution of the notes and chattel mortgage to the respondents, Nelson was the owner of the personal property in question. The respondents also alleged that the appellants had, or claimed to have, some right, title or interest in the property, the exact nature and extent of which were unknown to the respondents, but all the claims of appellants were inferior to the interest of the respondents by virtue of the chattel mortgage executed by Nelson in favor of the respondents.

The foregoing allegations were not denied by the appellants, who alleged that Nelson gave to them a bill of sale to the property, and that they were the owners of the property, in which Nelson no longer had any interest. It follows that Nelson was not a necessary party to the foreclosure. The only purpose of making him a party defendant would be to obtain a deficiency judgment against him. Appellants were without right or power to compel the respondents to make such a bid as would leave a deficiency.

Appellants alleged that the mortgagor, Nelson, had parted with his title. True, he had. A mortgagor who has parted with his title is not a necessary party to the proceeding to foreclose the mortgage executed by him. *Weir v. Rathbun*, 12 Wash. 84, 40 Pac. 625.

It is next argued by appellants that respondents' arrangement with Nelson, under which the appellants' lien for rent will be destroyed, should not be countenanced.

The lease between appellants and respondents recited that the respondents were purchasing the personal property involved in this foreclosure from the appellants on a conditional sales contract, and that, when the stipulated purchase price was paid, respondents would execute a chattel mortgage to the appellants for $2,500 on that property, as security for the payment of the rent by the respondents to the appellants. The lease could not be assigned without the written consent of the appellants. Prior to the date that the lease was assigned to Nelson, the respondents paid in full the purchase price of the furniture, but they did not give a note and mortgage thereon to the appellants—and the appellants never asked for it— to secure the payment of the rent.

At the time that the lease was assigned to Nelson, appellants then held the note of respondent Saunders for rent due them. The appellants gave written consent to the assignment of the lease to Nelson, returned Saunder's note to him, and took Nelson's note for the rent. Two days later, Nelson executed to the respondents the two notes and the chattel mortgage which are the subject-matter of this controversy. The chattel mortgage was duly placed of record in the office of the county auditor.

If appellants wanted a chattel mortgage from the respondents on the property of the respondents, they should have made some effort to obtain it before they consented to the assignment of the lease to Nelson. It should not be overlooked that the note of respondent Saunders for rent due to the appellants was surrendered by appellants to respondents at the time the lease was assigned to Nelson. The appellants then accepted Nelson's note for the delinquent rent. Respondent Saunders was released by the appellants, who looked to Nelson for payment of the rent.

If the respondents had given to the appellants, at that time, a mortgage on respondents' property in the amount of $2,500, that mortgage would have been simply security for rent due on the lease. The legality of the chattel mortgage in this action would not have been affected thereby. The mortgage would have been a second mortgage, subject to whatever was due of the $2,500 mortgage. As no rent is due from the respondents, their mortgage becomes the first mortgage.

Appellants also contend that the respondents and Nelson conspired to take an undue advantage of appellants by the execution of the two notes and the chattel mortgage, and that no consideration passed between the parties. Respondents alleged in their complaint that the notes and mortgage were given for valuable consideration. This was not denied. Appellants did not plead the defense of failure of consideration.

Shortly subsequent to the execution of the lease between the appellants and the respondents and the execution of the conditional sales contract, the respondents incorporated under the name of the Terminal Hotel Company, which corporation took over the lease and the conditional sales contract and thereafter conducted the hotel for nearly four years.

In payment for the respondents' interest in the lease as lessees, the furniture, and the interest of the respondents in the Terminal Hotel Company, Nelson gave to the respondents the notes in question and the mortgage. There is no showing in the record of the details of the transaction, and the appellants did not overcome the statutory presumption of consideration.

" 'Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.' § 3415, Rem. Comp. Stat. [P. C. § 4095].

"The defense of the lack of consideration must be affirmatively pleaded and the burden of proof is upon the one asserting failure of consideration. [cases cited.]

" 'And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved.' § 3407, Rem. Comp. Stat. [P. C. § 4087]." *Gleason v. Brown,* 129 Wash. 196, 224 Pac. 930.

Finally, it is urged that the respondents should have intervened in the action between Nelson and the appellants. Nelson, by the assignment of respondents to him, owned a lease on appellants' hotel in Hoquiam and owned the furniture and other personal property in that hotel building, subject to a mortgage in favor of the respondents. Respondents' counsel, which counsel also represented Nelson in his action against the appellants for conversion, wrote to appellant C. O. Swanson under date of September 16, 1932, as follows:

"We represent Mr. Lee and Mr. Saunders, formerly in control of the Terminal Hotel Company, and they advise us that Mr. Nelson who is now operating the hotel was given a verbal notice by yourself on or about the 13th day of this month to vacate the hotel property.

"We wish to call your attention to the fact and give notice that our clients hold the promissory notes of Mr. Nelson in the aggregate sum of $1,900 plus unpaid interest at 6%, and that this indebtedness is secured by a chattel mortgage upon the furniture, fixtures and equipment of the hotel.

"We would appreciate advice from yourself as to what disposition you care to make of this incumbrance in the event Mr. Nelson is evicted from the hotel."

A day or so following the receipt of that letter (to which the appellants made no reply), the appellants took possession of the personal property covered by the chattel mortgage. Nelson then brought an action

against the appellants for conversion. On appeal, as recited above, the judgment in that action was reversed. Nelson and the appellants composed their differences, and Nelson was released from all claims against him, and Nelson gave to the appellants a bill of sale to the property which is covered by the chattel mortgage. The bill of sale recites:

"The party of the first part makes no warranties as to title and is only conveying and quit-claiming such interest as the party of the first part may possess in said personal property."

It is likely that this special form, which eliminates all warranties, was used because the property was encumbered with respondents' mortgage, a fact which, of course, both Nelson and the appellants knew when the bill of sale was given.

We cannot agree that, because the respondents did not intervene in the action for conversion brought by Nelson against the appellants, respondents are thereby barred from foreclosure of their chattel mortgage. It is not claimed that respondents' above-quoted letter, advising appellants of the existence of the mortgage, was answered. If appellants had no intention of disputing the mortgage, respondents' intervention would have only added a needless expense for the appellants. If they intended to dispute the mortgage, appellants owed the duty to so inform the respondents, or to join the respondents as additional parties defendant. The appellants are hardly in a position now, by reason of their silence when they should have spoken, to voice denial of the validity of the mortgage from Nelson to the respondents.

The judgment is affirmed.

ROBINSON, BLAKE, GERAGHTY, and MAIN, JJ., concur.