No. 13,161.

TOWNS ET AL. *v.* SMITH ET AL.

TRIAL BY JURY.—*Not Allowable When any Essential Part of Cause of Action is of Equitable Cognizance.*—Where any essential part of a cause is exclusively of equitable cognizance, the whole is drawn into equity, and a demand for a jury in an action on a promissory note, and to set aside an alleged fraudulent conveyance, should be refused.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Insolvency of Debtor Must be Shown.*—In an action to set aside a conveyance, by a debtor as fraudulent, where there is no specific lien on the property conveyed, and no return of *nulla bona* on an execution issued, it is essential that proof should be made that the grantor debtor was insolvent, and that he did not have other property subject to execution at the time he made the deed which is assailed.

SAME.—*Evidence.—How Insolvency of Debtor May be Proved.—Practice.*—In such cases, courts of equity do not generally set aside conveyances made by a debtor until the creditor has exhausted all his legal remedies for the collection of his debt; but where it appears that the debtor has fraudulently conveyed all his property subject to execution and that the ordinary legal processes would be futile, it is not required that the creditor shall resort to useless formalities or unavailing remedies.

SAME.—*Evidence.—Tax List Admissible.—Purpose of Admission.*—Where the amount of property owned by a party is in controversy, a tax list returned by him to the assessor, under oath, purporting to give a full list of all his personal property, etc., is admissible in evidence against him, for the purpose of showing the particular articles of personal property, etc., owned or claimed by him at the time of such return, and to impeach his testimony given at the trial.

From the Huntington Circuit Court.

*J. B. Kenner, J. I. Dille* and *L. L. Simons,* for appellants.

*J. C. Branyan, M. L. Spencer* and *W. A. Branyan,* for appellees.

MITCHELL, C. J.—This suit was brought by Elizabeth Smith, her husband joining, to recover a personal judgment against William R. and Hiram Towns, on a promissory note, executed by the defendants, as joint makers, payable to the plaintiff. Elizabeth Towns was made a party defendant to answer concerning an alleged voluntary and fraudulent con-

veyance of real estate made to her by her husband, Hiram Towns, with the intent to defraud the creditors of the latter. Prayer for a judgment against William R. and Hiram Towns, and for a decree setting aside the conveyance to Mrs. Towns, and that the property be subjected to the judgment. There was a judgment for the amount of the note, and a decree according to the prayer of the complaint.

It is made a question whether the court erred in refusing to submit the case to a jury generally, as an action at law.

The position of the appellant in that regard is not maintainable. One feature of the case, it is true, was an action on a promissory note, and the relief demanded was merely of a pecuniary character. To that extent the proceeding resembles an ordinary action at law. In order to obtain final and more effectual relief, however, the suit combined a proceeding in the nature of a creditor's bill to set aside and cancel a fraudulent conveyance, which belongs exclusively to the procedure and jurisdiction of chancery. It follows, under the rule which declares that if any essential part of a cause is exclusively of equitable cognizance, the whole is drawn into equity, that the present was a case of equitable jurisdiction. *Hendricks* v. *Frank,* 86 Ind. 278; *Lake* v. *Lake,* 99 Ind. 339; *Quarl* v. *Abbett,* 102 Ind. 233 (243).

The only other question presented is whether or not the evidence sustains the finding of the court.

It is insisted that the proof entirely fails to show that the defendant, Hiram Towns, was insolvent, and that he did not have other property subject to execution at the time he made the deed which is assailed as fraudulent, or at the time the suit was commenced.

In the absence of a specific lien upon the property transferred, or of a return of *nulla bona* upon an execution, it is essential to the maintenance of the judgment that such proof should have been made. *Bruker* v. *Kelsey,* 72 Ind. 51;

*Sherman* v. *Hogland*, 73 Ind. 472; *Baker* v. *State, ex rel.,* 109 Ind. 47.

As a general rule, courts of equity do not interfere to set aside conveyances or transfers of property made by a debtor, until the creditor has exhausted all the remedies known to the law for the collection, and to obtain satisfaction, of his debt. Where it appears, however, that the debtor has fraudulently conveyed all his property subject to execution, and that the ordinary processes of the law would be futile, equity does not require that the creditor shall resort to mere useless formalities or unavailing remedies. *Eiler* v. *Crull*, 112 Ind. 318; *Mason* v. *Pierron*, 63 Wis. 239.

The evidence on the subject of Town's property at the dates in question, consisted of the latter's testimony before the court, and of his tax list, returned to the assessor under oath, on the 21st day of April, 1884, purporting to give a full, true and complete list of all personal property, etc., owned by him on the 1st day of April, 1884. The alleged fraudulent deed was made on the 12th day of April, 1884, and this suit was commenced June 19th, 1884. While the tax list was not competent as original, substantive evidence, to show the value of the property listed, it was competent against the lister for the purpose of showing the particular articles of personal property, or items of credits or taxables owned or claimed by him at the time the list was returned. It was also competent for the purpose of impeaching the defendant's testimony given before the court. According to the defendant's tax list, his entire taxable personal property on the 1st day of April, 1884, consisted of some agricultural tools and machinery of trifling value, a small amount of household furniture, two vehicles, three horses, one cow, and three hogs, the whole being valued at $175. For the purpose of showing that he had sufficient property subject to execution to pay his debts, at the time the deed in question was made, and that the deed was hence not fraudulent as to his creditors, the defendant testified at the trial that

he had a large amount of personal property, such as wheat, corn, oats, fifty tons of ice, set of butcher's tools, seventeen hogs, etc., in addition to that listed on his tax list. He gave no satisfactory account of the discrepancy between the amount or quantity of property listed and that claimed in his testimony. Now, while the court might not look at the tax list as original evidence to determine the actual value of the property listed, it could with great propriety look at that instrument for the purpose of determining what particular personal property the defendant owned on the 1st day of April, 1884. If the defendant gave a true list to the assessor of all the personal property owned by him on the 1st day of April, it is certain, taking the values of the property listed as fixed in his testimony before the court, that he had nothing but what was exempt from execution at the time he made the deed. The court had a right to believe that the defendant gave in all his personal property to the assessor. *Cincinnati, etc., R. R. Co.* v. *McDougall*, 108 Ind. 179; *Curme, Dunn & Co.* v. *Rauh*, 100 Ind. 247; *Painter* v. *Hall*, 75 Ind. 208; *Lefever* v. *Johnson*, 79 Ind. 554.

Assuming that the tax list contained a full, true and complete account of all the personal property owned by the defendant on the 1st day of April, 1884, and considering his testimony as given before the court from that stand-point, the finding of the court is sustained by the evidence.

As has been seen, it was competent for Towns to have explained the discrepancy between his tax list and his testimony, but so far as we can perceive he made no effort to do so. The court, therefore, believed that the property listed for taxation was all the property owned by Towns on April 1st, 1884. The presumption was also properly indulged, in the absence of countervailing proof, that his financial condition continued the same at the time the suit was commenced. *Adams* v. *Slate*, 87 Ind. 573. There was no error.

The judgment is affirmed, with costs.

Filed April 24, 1888; petition for a rehearing overruled Sept. 20, 1888.