Filed September 13, 1892.

---

No. 16,007.

MONNETT ET AL. v. TURPIE ET AL.

PLEADING.—*Complaint.*—*How Construed.*—*Isolated Allegations Disregarded.*— *Prayer Considered.*—A pleading will be construed upon the theory most apparent and most clearly outlined by the facts stated, disregarding isolated allegations not essential to the support of the main theory, and the prayer for relief may be looked to in connection with the other averments.

Monnett *et al. v.* Turpie *et al.*

SAME.—*Construction of.—Theory of Complaint Dubious.—What Theory Adopted.*
—Where a pleading can be construed as proceeding upon two equally
consistent theories, that theory will be adopted which will more fully
bring the whole subject-matter of the action within the jurisdiction of
the court, and which will afford the most adequate relief.

SAME.—*Adoption of a Theory.—Equitable Relief.—Not Triable by Jury.—
Dubious Pleading.—*Where, in construing a dubious complaint, a correct
theory is adopted which makes the case an equitable one, the cause is
triable by the court, without the intervention of a jury, and where the
plaintiff demands a jury and is refused, he can not be heard to complain
because the adoption of another theory would have entitled him to a jury.

From the Carroll Circuit Court.

*E. P. Hammond, M. F. Chilcote, W. B. Austin,* for appellants.

*L. Walker* and *W. B. McClintic,* for appellees.

MILLER, J.—The action of the court, in refusing to grant
the appellant a trial by jury, is the only question involved
in this appeal.

The complaint consisted of three paragraphs. The first
paragraph shows that on and prior to January 5, 1881,
Thomas Monnett was the owner of several distinct tracts
of land in Carroll and White counties, Indiana, and in
Prairie county, in the State of Arkansas; that he was, and,
for a long time prior thereto, had been a person of unsound
mind, of which the defendants had notice; that, on that
day, with full knowledge that he was of unsound mind,
the defendants, James H. Turpie and William Turpie,
fraudulently, and without consideration, induced him to
convey to them, by certain instruments of writing purport-
ing to be warranty deeds, all of said real estate; that on the
23d day of June, 1881, the said Thomas Monnett was, on
inquest duly had, declared to be a person of unsound mind,
and incapable of managing his own estate, and a guardian
of his person and estate was appointed; that on the 4th day
of April, 1883, the guardian demanded a reconveyance of all
of said lands to the said ward, at the same time tendering

them, for execution, a conveyance to that effect; that they refused, and still refuse, to execute the same.

Subsequently Thomas Monnett died, and, by supplemental complaint, his heirs were substituted as plaintiffs. The prayer for relief is:

"Wherefore the plaintiff prays the court for a judgment disaffirming the said deeds to said defendants, James H. Turpie and William Turpie, and cancelling the same, and that the title to said lands, by the decree of the court, be revested in the plaintiff, freed and discharged from all claims of the said defendants, and each of them, and for such other relief as may be equitable and just."

The other paragraphs of complaint, in so far as they affect the question involved, do not differ from the first.

The appellants, after the inquest of lunacy and disaffirmance of the conveyances, had their election to pursue either one of two courses:

*First.* To treat the conveyances as having been avoided by the disaffirmance, and, if out of possession, sue in ejectment, or to quiet title. *Brown* v. *Freed*, 43 Ind. 253; *Freed* v. *Brown*, 55 Ind. 310; *Nichol* v. *Thomas*, 53 Ind. 42; *Long* v. *Williams*, 74 Ind. 115.

*Second.* Proceed in equity to have the conveyances cancelled and the title revested in the grantor. 1 Pomeroy's Eq., section 110.

In which case, the Chancery Court having jurisdiction of an essential part of the case, the whole is drawn into equity. *Towns* v. *Smith*, 115 Ind. 480; *Quarl* v. *Abbett*, 102 Ind. 233; *Lake* v. *Lake*, 99 Ind. 339.

To determine which of these courses the appellants elected to pursue is to determine their right to a trial by jury. If the complaint is an action to quiet title, as provided by our code, section 1070, the action was triable by a jury, and the court erred in refusing, upon appellant's motion, to submit the cause to a jury for trial. *Puterbaugh* v. *Puterbaugh*, 30 N. E. Rep. 519; *Trittipo* v. *Morgan*, 99 Ind.

269; *Johnson* v. *Taylor*, 106 Ind. 89; *Kitts* v. *Willson*, 106 Ind. 147.

If, on the contrary, the action was for the cancellation of the deeds, it was one that, prior to the 18th day of June, 1852, would have fallen within the exclusive jurisdiction of a court of equity, and was triable by the court. Section 409, R. S. 1881.

The nature of the action must be determined from the general character and scope of the pleading, disregarding isolated and detached allegations not essential to the support of its main theory. *First Nat'l Bank* v. *Root*, 107 Ind. 224; *Cottrell* v. *Ætna Life Ins. Co.*, 97 Ind. 311; *Bingham, Admr.*, v. *Stage*, 123 Ind. 281; *City of Ft. Wayne* v. *Hamilton*, 132 Ind. 487.

The court will construe the pleading as proceeding upon the theory which is most apparent and most clearly outlined by the facts stated. *Batman* v. *Snoddy*, 132 Ind. 480.

The complaint will, if possible, be given such construction as to give full force and effect to all of its material allegations, and such as will afford the pleader full relief for all injuries stated in his pleading.

We have arrived at the conclusion that the complaint must be regarded as a complaint for equitable, rather than legal, relief. The complaint is destitute of some of the allegations found in an ordinary complaint to quiet title, *Miller* v. *City of Indianapolis*, 123 Ind. 196, and contains much that is unusual and unnecessary in such actions.

While the nature of the action must be determined from the substantive facts pleaded, and not from the prayer for relief (*Martin* v. *Martin*, 118 Ind. 227), the statement of the relief demanded may be looked to, in connection with the other averments. *Galway* v. *State, ex rel.*, 93 Ind. 161.

The primary object of the action seems to have been the cancellation of the conveyances. The vague and uncertain relief asked for—the revesting of the title in the grantor,

Monnett *et al. v.* Turpie *et al.*

freed of the claims of the defendants—is insufficient to give character to the pleading.

There is, however, another element in the case which, beyond question, characterizes the action as one for equitable relief; that is the fact that the conveyance of the real estate, situate in the State of Arkansas, is set forth and made a material part of the complaint. This real estate being situate in another State, wholly beyond the jurisdiction of the courts of this State to quiet the title thereto, conclusively shows that that was not the object of the suit. We could not presume that the plaintiff instituted an action upon a particular theory, when, according to that theory, a material and substantial portion of the subject-matter of the action was wholly without the jurisdiction of the court, if another theory, equally sustained by the facts pleaded and relief demanded, would bring the whole subject-matter of the action within its jurisdiction.

If the action was in equity, the court having jurisdiction of the person was able, by process against the defendants *in personam,* to enforce its decrees affecting the land without, as well as within the State. *Coon* v. *Cook,* 6 Ind. 268; *Dehart* v. *Dehart,* 15 Ind. 167; *Bethell* v. *Bethell,* 92 Ind. 318; 1 Pomeroy's Eq., section 135.

The appellants having elected to proceed in equity, they thereby deprived themselves of the privilege of submitting their cause to a jury for trial. We find no error in the record.

Judgment affirmed.

Filed November 3, 1892.