## KRISE ET AL. v. WILSON ET AL.

[No. 4,517.    Filed November 5, 1903.]

NEW TRIAL AS OF RIGHT.—*Two or More Causes of Action.*—Where two or more substantive causes of action proceed to judgment in the same case, one entitling the losing party to a new trial as of right, and the other not, a new trial as of right will not be allowed.  *pp. 591, 592.*

PLEADING. — *Theory.* — *How Determined.* — The substantive facts pleaded, and not the prayer for relief, nor the name given to the action by the pleader, determine the nature of the cause of action; but where the prayer for relief is consistent with the facts pleaded, it is proper to consider it with the facts averred to determine the nature and character of the action.  *p. 592.*

NEW TRIAL AS OF RIGHT.—*Complaint.*—*Theory.*—In a suit between heirs, the first paragraph of complaint alleged that at the time the ancestor conveyed the lands in question to defendants he was of unsound mind, and that afterwards plaintiffs gave defendants written notice disaffirming the deeds, demanding a reconveyance, asking that the deeds be set aside; the second paragraph contained the same averments except instead of averring the unsoundness of mind of grantor, it was averred that "none of the deeds were delivered" to defendants, asking the same relief as the first; the third paragraph averred that the plaintiffs were the owners of an undivided one-fourth interest in fee in the lands in question as tenants in common, asking that their title be quieted.  *Held,* that the title to the land was involved in each paragraph of complaint, and that defendants were entitled to a new trial as of right.  *pp. 592–594.*

From Tipton Circuit Court; *J. C. Blacklidge,* Special Judge.

Suit by Mary Krise and others against Isaac D. Wilson and others.  From the action of the court in granting defendants a new trial as of right, plaintiffs appeal.  *Affirmed.*

*J. C. Herron, F. J. Byers, J. R. Coleman* and *Walter Carter* for appellants.

*Cooper & Gerhart, R. B. Beauchamp* and *R. H. Proctor,* for appellees.

ROBINSON, C. J.—This appeal questions the action of the trial court in granting appellees a new trial as of right.

Appellants' complaint is in three paragraphs. The first paragraph avers that appellant Mary Krise is a daughter, and the appellants granddaughters, of Granville M. Wilson, who died July 29, 1901; that appellee Margaret Daily is a daughter, and the other appellees are sons, of Granville M. Wilson, and that the appellants and appellees are heirs at law of Wilson; that on the 11th day of July, 1901, Wilson, the decedent, conveyed to each of the appellees ·certain lands; that at the time of the execution of the deeds he was of unsound mind; that afterwards, August 22, 1901, appellants gave appellees written notice disaffirming the deeds and demanding that appellees reconvey to appellants their interest in the land as heirs at law of Wilson, which appellees refused to do. Prayer that the deeds be set aside, and for all proper relief. The second paragraph contains the same averments, except, in place of averring the unsoundness of mind of the grantor, it is averred that none of the deeds were delivered to the appellees; asking the same relief as the first paragraph. The third paragraph avers that appellants are the owners, as tenants in common, of an undivided one-fourth interest in fee of the land; that appellees claim some interest adverse, which is without right, and is a cloud upon appellants' title; asking that their title be quieted. A trial resulted in appellants' favor, and, upon filing the statutory undertaking, a new trial as of right was granted appellees, resulting in a finding for appellees.

It is conceded that the third paragraph is an action to quiet title, but it is argued that neither the first nor the second paragraph is an action to quiet title or in ejectment, and that where two or more substantive causes of action proceed to judgment in the same case, one entitling the losing party to a new trial as of right, and the other not, a new trial as of right will not be allowed. The nature of an action must be determined from the general character and scope of the pleading. *Cottrell* v. *Aetna Life*

*Ins. Co.,* 97 Ind. 311; *First Nat. Bank* v. *Root,* 107 Ind. 224; *Bingham* v. *Stage,* 123 Ind. 281; *City of Ft. Wayne* v. *Hamilton,* 132 Ind. 487, 32 Am. St. 263. The substantive facts pleaded, and not the prayer for relief, nor the name given to the action by the pleader, determine the nature of the cause of action; but, where the prayer for relief is consistent with the facts pleaded, it is proper to consider it with the facts averred to determine the nature and character of the action. *Physio-Medical College* v. *Wilkinson,* 89 Ind. 23; *Martin* v. *Martin,* 118 Ind. 227; *Galway* v. *State, ex rel.,* 93 Ind. 161. It is a general rule that a pleading will be construed as proceeding upon the theory which is most apparent and most clearly outlined by the facts stated, and that it "will, if possible, be given such construction as to give full force and effect to all of its material allegations, and such as will afford the pleader full relief for all injuries stated in his pleading." *Monnett* v. *Turpie,* 133 Ind. 424; *Batman* v. *Snoddy,* 132 Ind. 480; *Monnett* v. *Turpie,* 132 Ind. 482.

The first paragraph of complaint is a proceeding in equity to have the conveyances canceled because of the unsoundness of mind of the grantor. Appellants could pursue this remedy, or they could have treated the conveyances as having been avoided by the disaffirmance, and, if out of possession, sue in ejectment or to quiet title. *Monnett* v. *Turpie,* 133 Ind. 424. The second paragraph is also a proceeding in equity to have the deeds canceled and declared ineffective because not delivered. But in each paragraph the title to the land, which is particularly described, is directly in issue. The only question the court was authorized to try, under the facts pleaded, was the title to the land. If the facts averred were found to be true, the appellees are not the owners of the land by virtue of the deeds, but under the averments the title is in both appellants and appellees as heirs at law of the grantor. The deeds carried the legal title to the appellees, and man-

ifestly the disposition of these deeds will determine where the title should finally rest. If the deeds stand, the title is in appellees. If they are declared ineffective, the title is in appellants and appellees as heirs at law of the grantor. It is true the judgment says nothing about the title, but, as said in *Physio-Medical College* v. *Wilkinson, supra,* "the case, as made by the pleadings and tried between the parties, must determine the character of the action. * * * It not infrequently happens that judgments are in a measure meaningless without reference to the pleadings." In the above case the facts averred are similar to the facts averred in the first paragraph here, and the prayer of the complaint asks, among other things, that the title be quieted. "The position of appellees' counsel," said the court in that case, "is that appellants are not entitled to a new trial as of right, for the reason that the action is neither for the possession of, nor to quiet title to, real estate; that it is simply to set aside the deed on account of the mental unsoundness of the grantor, and has no reference to the title to the land. In this we do not agree with counsel. It is a proper case in which to ask for the quieting of the title, and in which to compel the opposite party to assert his title. * * * It is very patent, also, that, aside from the prayer, the title to the land is involved in the litigation."

In *Anderson* v. *Anderson,* 128 Ind. 254, the complaint was in three paragraphs. By the first it was sought to have a deed for land set aside because of alleged fraud and undue influence exercised by the grantee over the grantor; plaintiffs alleging that they were the owners of the land as heirs at law of the grantor who was deceased. The second paragraph was to quiet title to the same land, and the third for partition. In that case the court said: "The first paragraph, while in form an action to set aside a deed as fraudulent, is in legal effect an action to recover

the land, it being averred, as above stated, that the deed was obtained by the grantee by fraud, and by undue influence over the grantor, who it is averred was the father of the appellants, and they his children and heirs. A suit by creditors to set aside a conveyance as fraudulent, and to subject the land to the payment of a debt, is not a case where a new trial as of right is allowed by the statute. * * * But where, as in this case, the parties attacking the conveyance are not creditors, but heirs of the grantor, who is deceased, who seek by setting the deed aside to recover the land, we think a new trial may be claimed as of right by either party. *Warburton* v. *Crouch,* 108 Ind. 83; *Adams* v. *Wilson,* 60 Ind. 560; *Physio-Medical College* v. *Wilkinson,* 89 Ind. 23."

In the case of *Carpenter* v. *Willard Library,* 26 Ind. App. 619, the complaint, without specifically describing the real estate, sought to have a deed set aside because the grantor was not of sound mind, and because of undue influence and fraud, and also required an accounting. We think that case falls within the rule that a new trial as of right can not be allowed in an ordinary suit to set aside a fraudulent conveyance of land. See *Warburton* v. *Crouch, supra,* and cases there cited.

In the case at bar the suit is between heirs. Any relief appellants may secure must come through overthrowing the title of appellees acquired by the deeds. If the deeds are set aside, appellees' title through the deeds is divested. It must revest in some one. Under the facts pleaded, it would vest in appellants and appellees. It is manifest, we think, that the title to the land is involved in the litigation, and that a new trial as of right was properly granted.

Judgment affirmed.