## MUNCIE PULP COMPANY v. MARTIN ET AL,

[No. 20,427. Filed December 29, 1904.]

1. PLEADING.—*Theory.*—*Construction by Trial Court.*—Where a complaint may be reasonably construed as an action at law for damages, or an action for injunction, and the trial court adopted the construction that it was an action for damages and tried the case on such theory, the Supreme Court will favor such construction where the complaint states a cause of action on such theory. p. 32.

2. SAME.—*Prayer.*—The fact that the prayer of a complaint is for injunction as well as damages does not necessarily draw such action into equity, where the allegations are framed with an especial view to the recovery of damages. p. 32.

3. NUISANCE.—*Measure of Damages.*—*Rental Value.*—The proper measure of damages for injuries caused by a continuing but abatable nuisance is the depreciation in rental value caused thereby. p. 34.

4. EVIDENCE.—*Nuisance.*—*Rental Value.*—In an action for damages caused by the pollution of a watercourse the testimony of witnesses as to the rental value of such premises with such watercourse polluted and with it unpolluted is proper evidence where such witnesses testify from personal knowledge. p. 35.

5. SAME.—*Pollution of Watercourse.*—*Nuisance.*—*Defense.*—Where, in an action for damages caused by the pollution of a watercourse, plaintiff shows such pollution by the defendant, and then shows the rental value before and after such pollution, such evidence is not open to the objection that it assumed that such damage was caused solely by such pollution, since if there were other factors entering into such damage, it was a defense and should have been brought forward by defendant. p. 36.

6. TRIAL.—*Instruction.*—*Improper Evidence.*—*Harmless Error.*—If error was committed by the court in admitting evidence of the depreciation of rental value caused by the pollution of a watercourse, such error was cured by an instruction that the jury were not bound by the opinions of witnesses, but must consider all of the evidence in the case. p. 36.

7. EVIDENCE.—*Real.*—*Sample of Sediment.*—A sample of sediment taken from a watercourse during the time of an alleged pollution is

competent evidence to establish the fact of pollution, and the fact that it was taken some time before the trial goes to the weight rather than to the competency thereof.   p. 36.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Samuel I. Martin and wife against the Muncie Pulp Company. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*W. A. Thompson* and *W. H. Thompson,* for appellant.

*R. S. Gregory, A. C. Silverburg* and *W. J. Lotz,* for appellees.

Dowling, C. J.—The appellees, by a complaint in two paragraphs, sought to recover damages from the appellant on account of the alleged pollution of a non-navigable stream on which the farm of the appellees was located, and into which the appellant discharged large quantities of water after the same had been used by it in the manufacture of wood-pulp. There was a prayer for an injunction, in addition to a demand for substantial damages. Demurrers to both paragraphs of the complaint were overruled, answers were filed, the cause submitted to a jury for trial, and a verdict returned for $800, of which the appellees remitted $150, and judgment was thereupon rendered for $650. The prayer for an injunction was denied by the court.

The errors relied upon for reversal, and not waived, are the overruling of the demurrers to the complaint, the overruling of appellant's motion to submit the cause to the court for trial without the intervention of a jury, and the overruling of appellant's motion for a new trial.

The first paragraph of the complaint, in substance, alleges ownership by the appellees, as tenants by entirety, of 117 acres of land lying on the borders of Buck creek, a small non-navigable stream emptying into White river; that the land, prior to the wrongful acts of the appellant complained of, was suitable for stock raising during more

than six years last past; that to such purpose the waters of Buck creek were a valuable incident; that the appellant, a riparian owner, has so polluted the water of said creek by discharging therein refuse matter from its pulp manufactory as to render it unfit for agricultural and domestic purposes, or for the purposes of watering stock; that large quantities of sediment; by reason of such pollution, have been deposited upon the land of the appellees, and have rendered worthless about twenty acres of the tract, destroying growing timber upon the premises, and diminishing the rental and market value of said land to the extent of $2,000. The complaint further charges the emission of noisome and unhealthful odors from said stream because of the appellant's acts, the destruction of fish therein, serious interference with the comfortable habitation of the premises, the reduction in the market value of the farm as an entirety in the sum of $2,000, and prays damages in the amount of $3,000. The second paragraph is substantially the same in its averments.

1. It is objected by the appellant that the lower court erred in permitting the cause to be submitted to a jury, inasmuch as an injunction had been prayed for, hence the case was exclusively of equitable cognizance and should have been tried by the court. As germane to the same contention, appellant insists that the complaint was insufficient, as an application for an injunction, in its averment of facts, and accordingly should have been held bad upon demurrer. When the trial court has placed a reasonable construction upon a pleading which is open to two interpretations, and has proceeded to a determination of the cause upon such an understanding of its scope, this court will not be forward to adopt a different construction and reverse the case. *Comegys* v. *Emerick* (1893), 134 Ind. 148, 152, 39 Am. St. 245; *West Muncie Strawboard Co.* v. *Slack* (1904), *ante*, 21.

2. As stated in *Monnett* v. *Turpie* (1892), 132 Ind.

482, 485: "The court will construe the pleading as proceeding upon the theory which is most apparent and most clearly outlined by the facts stated. * * * The complaint will, if possible, be given such construction as to give full force and effect to all of its material allegations, and such as will afford the pleader full relief for all injuries stated in his pleading." Thus construed, the complaint in the present case seems to have been framed with an especial view to the recovery of damages. Four times in the first paragraph is the amount of damages specifically alleged; the destruction of timber, the diminution in rental and market values, and the interference with the beneficial use and enjoyment of the premises are clearly set forth. While the pleader has prayed for an injunction, this alone will not necessarily characterize the pleading, nor draw the entire matter into equity so as to require a trial by the court. "Whenever the cause of action is one that can only be enforced by invoking the equitable powers of the court, then the right of trial by jury does not maintain; but if the cause of action does not depend on the equitable jurisdiction of the court, then a jury trial may be demanded." *Martin* v. *Martin* (1889), 118 Ind. 227, 237. Here, so far as the main allegations of the complaint are concerned, the appellees do not base their action upon a necessity for equitable interference, and their complaint will not be stamped as an application for an injunction merely because of an isolated averment that the appellant intends to and will continue to flow noxious and poisonous substances into the stream in question, or because of a prayer for injunctive relief. *Miller* v. *Burket* (1892), 132 Ind. 469, 474.

What has already been said disposes of the rulings of the court below upon the demurrers addressed to the complaint as an application for an injunction. No question is raised respecting its sufficiency as a complaint for legal damages.

3.   It is next urged by the appellant that the court erred in overruling its motion for a new trial, as the verdict was not sustained by sufficient evidence.   The jury, in assessing damages, evidently proceeded upon the hypothesis that the appellees should be compensated for loss of the beneficial use and enjoyment of the land in question, and on which they resided; or, in the phrase employed upon the trial, for diminution in the "rental value" of the premises; and, in fact, this seems to have been the general understanding of all the parties to the action concerning its purpose and theory.   Appellant, however, now argues that the complaint alleged only permanent injuries to the land, and not those inflicted by a continuous wrong, hence, all proof of injury to the use and occupation thereof was outside the issues; and, since such was the only proof of damage, the appellees failed to establish their complaint.   Among its averments, is a statement that the "rental and market value of said lands" had been diminished by the acts of the appellant to the amount of $2,000.   This, with other allegations, shows that the damages sought to be recovered were not exclusively for permanent injuries to the real estate itself, but chiefly for such as temporarily interfered with the present use of the premises for residential and farming purposes, and for the raising of stock; to which objects the land was adapted at the time the acts complained of were committed. Moreover, the very nature of these acts, as alleged in the complaint, depriving the appellees of the beneficial enjoyment of their land, the use of the water from this stream, and the comfort of living upon the premises, constituted them a continuing nuisance rather than a permanent injury to the property, and the measure of damages would be the depreciation in rental value caused thereby (*Eufaula* v. *Simmons* (1888), 86 Ala. 515, 6 South. 47; *Ferguson* v. *Firmenich Mfg. Co.* (1889), 77 Iowa 576, 42 N. W. 448, 14 Am. St. 319; *Barton* v. *Union Cattle Co.* (1889), 28 Neb. 350, 44 N. W. 454, 26 Am. St. 340, 7 L. R. A. 457);

for it has been held that where the nuisance in question is one which can be abated, as in the case at bar, the measure of recovery is the loss in rental value occasioned by its continuance. *Cleveland, etc., R. Co.* v. *King* (1900), 23 Ind. App. 573; *Park* v. *Chicago, etc., R. Co.* (1876), 43 Iowa 636; *Pinney* v. *Berry* (1875), 61 Mo. 359; *Chipman* v. *Palmer* (1877), 9 Hun 517; *Francis* v. *Schoellkopf* (1873), 53 N. Y. 152; *Jutte* v. *Hughes* (1876), 67 N. Y. 267; *Baltimore, etc., R. Co.* v. *Fifth Baptist Church* (1883), 108 U. S. 317, 335, 2 Sup. Ct. 719. We conclude, therefore, that the appellees were entitled to recover for temporary loss of the use of their land, under the form of their complaint, and that there was evidence amply sufficient to sustain the verdict of the jury respecting such damage.

4. A further reason advanced in support of the motion for a new trial is that the court erred in permitting certain witnesses to testify concerning what would have been the rental value per acre of the appellees' land between September, 1897, and June, 1900, if the water of the stream had been pure and clear. No fewer than eight witnesses testified, from their own observations, that before the establishment of the appellant's mill, Buck creek flowed pure and clear water, and that after the appellant commenced operating this manufactory the water was turbid and polluted. They then stated what the rental value of the appellees' premises would have been between the years specified if the stream had flowed pure water; and also testified to their value with the creek in the condition which prevailed from 1897 until the commencement of the suit. In so doing, the witnesses were not speculating upon a value existing under conditions which they had never observed, but were basing their opinion upon a state of facts known to and observed by them. There was no error in permitting them thus to testify. *Yost* v. *Conroy* (1884), 92 Ind. 464, 47 Am. Rep. 156; *City of LaFayette* v. *Nagle* (1888), 113

Ind. 425; *Chicago, etc., R. Co.* v. *Brown* (1901), 157 Ind. 544, 547. Nor can it properly be said that these witnesses were stating what the land would have been worth between 1897 and 1900 if the conditions existing prior to 1898 had continued unchanged. The testimony elicited evidently referred to the rental value of the land between 1897 and 1900 if the stream had not been polluted by the appellant, and what its value was with the stream contaminated by appellant's refuse.

5. We are not favorably impressed with appellant's objection that these answers respecting value assumed that the depreciation in rental value was due exclusively to the pollution of the stream by the appellant. At the time the questions were asked, there had been no proof of pollution of Buck creek, or of any other circumstance tending to reduce the value of appellees' land, except the acts of the appellant; and, if other damaging factors were operative during the period in question, it was incumbent upon the appellant to introduce evidence of them by way of defense, rather than require the appellees to bring them forward in the examination of their own witnesses.

6. If, however, the court erred in admitting the evidence, the error was rendered practically harmless by an instruction given to the jury, in which they were told that they were not bound by the opinion of any witness regarding rental value, but that they might and should determine this fact from all the evidence, including not only such opinions, but also the kind and character of the soil, the location of the lands, the improvements thereon, and all other facts relating to the value of their use.

7. The last reason advanced in support of the motion for a new trial rests upon the exhibition to the jury of certain samples of sediment. In this there was no error, as the samples were shown to have been taken from the stream in controversy within the period for which damages were claimed; they were properly identified; and, though a con-

siderable time had elapsed since they were withdrawn from the creek, and hence some slight change in their composition may have intervened, this consideration related rather to the weight of the evidence than to its admissibility.

Finding no error in the record, the judgment is affirmed.