## SANDERS *v.* CRAWFORD ET AL.

[No. 6,586. Filed February 7, 1908.]

1. PLEADING.—*Complaint.—Sustaining Demurrer to Paragraph.— Facts Provable Under Another.*—It is harmless to sustain a demurrer to a paragraph of a complaint, whose facts are provable under another paragraph thereof. p. 246.

2. SAME.—*Complaint.—Sustaining Demurrer to Paragraph of.— Subsequent Dismissal of Others.—Appeal.*—Where plaintiff files a complaint in several paragraphs and a demurrer is sustained to the second and overruled as to the others, the facts contained in the second being provable under the others, and after the rulings on such demurrers, such other paragraphs are dismissed, the plaintiff standing upon such second paragraph and refusing to plead further, no error is presented, such ruling being harmless when made. p. 246.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Suit by Nancy J. Sanders against John F. Crawford and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*Douglas Dobbins, Joel B. Huntington* and *William J. Buckingham,* for appellant.

*E. A. McAlpin,* for appellees.

COMSTOCK, J.—Appellant was plaintiff and appellees were defendants below. The complaint was in three paragraphs. The first was the ordinary short form to quiet title, in which plaintiff alleged that she was the owner of a life estate in certain real estate (describing same); that each of the defendants was claiming an interest in said real estate,

or attempting to assert and claim title to the same, which interest so claimed by each of defendants was adverse to plaintiff's title; that the claim of each of said defendants was unfounded, without right, and a cloud upon plaintiff's title.

The second paragraph sought to quiet her title to the same real estate described in the first paragraph, setting out certain facts in detail, by reason of which she claimed title. On March 21, 1907, the court sustained a separate demurrer of each of the appellees for want of facts to said second paragraph. On April 6, 1907, appellant dismissed the first and third paragraphs of complaint, and, refusing to plead further as to the second paragraph, judgment was rendered in favor of the appellees on the demurrers to said second paragraph. This action of the court is the only error assigned.

When the material facts set up in one paragraph of complaint, to which a demurrer for want of facts is sustained, are provable under another paragraph, which is held

1. good, the ruling, even if erroneous, is held harmless. Elliott, App. Proc., §637; *Shetterly* v. *Axt* (1906), 37 Ind. App. 687; *Kidwell* v. *Kidwell* (1882), 84 Ind. 224; *Cincinnati, etc., R. Co.* v. *Smith* (1891), 127 Ind. 461; *Wickwire* v. *Town of Angola* (1892), 4 Ind. App. 253; *Chicago, etc., R. Co.* v. *Indiana Nat. Gas, etc., Co.* (1903), 161 Ind. 445; *Clarke* v. *Darr* (1907), 168 Ind. 101, 9 L. R. A. (N. S.), 460.

All the facts provable under the second paragraph are provable under the first. Counsel for appellant, in their written brief and in their oral argument, fail to

2. show that the action of the court complained of imposed any additional burden in the matter of proof upon appellant, and fail to point out any fact pleaded in the second paragraph not provable under the first. When the court sustained said demurrer the first paragraph was in the record. Its subsequent dismissal could not render the

ruling of the court harmful, if it was harmless at the time it was made. *Kidwell* v. *Kidwell, supra; Cincinnati, etc., R. Co.* v. *Smith, supra.* For the reasons given the judgment cannot be reversed, and it is unnecessary to consider the sufficiency of the second paragraph of complaint.

Judgment affirmed.