## VANDALIA RAILROAD COMPANY *v.* McANINCH ET AL.

[No. 6,384. Filed January 29, 1909.]

1. PLEADING.—*Complaint.*—*Paragraphs.*—*Demurrer to Complaint.* —A demurrer to a complaint consisting of two or more paragraphs should be overruled, where one paragraph is sufficient. p. 223.

2. PLEADING. — *Complaint.* — *Paragraphs.* — *Demurrers.*— *Special Findings.*—Where the special findings show that the judgment rests upon the first paragraph of a complaint, errors in rulings on demurrers to other paragraphs are harmless. p. 223.

3. RAILROADS.—*Rights of Way.*—*Fences.*—*Construction.*—Where a railroad company, having no fence enclosing its right of way,

refuses, upon notice from an abutting landowner, to build one, such landowner, under §5448 Burns 1908, Acts 1885, p. 224, §2, has the right, after giving thirty days' written notice to the company, to construct such fence and charge the cost thereof to the company. p. 223.

4. RAILROADS.—*Rights of Way.—Fences.—For Whose Benefit.*—The purpose of laws requiring railroad companies to fence their rights of way is to safeguard passengers. p. 224.

5. APPEAL.—*Penalties.*—The Appellate Court will impose a penalty upon the appellant in proper cases. p. 224.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Action by Valentine S. McAninch and another against the Vandalia Railroad Company. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Albert D. Thomas, Michael E. Foley* and *John G. Williams,* for appellant.

*Joseph Combs,* for appellees.

WATSON, C. J.—This action was based upon a complaint in two paragraphs, brought by the appellees against appellant, in which judgment was recovered for the building of a fence along the right of way of appellant where appellees' land abuts on said right of way.

The first paragraph of the amended complaint alleged that the railroad company had wholly failed to erect a fence along its right of way. The second paragraph proceeded upon the theory that a fence had theretofore been erected, but had become out of repair and insufficient to prevent domestic animals from going from abutting land upon said right of way. Demurrers were addressed to each paragraph, as well as to the complaint as an entirety, which were overruled by the court and exceptions saved.

The errors assigned in this court are: (1) The rulings upon these demurrers; (2) stating the conclusions of law upon facts found; (3) overruling motion for new trial.

It is conceded that the first paragraph of the amended complaint is good. If either paragraph is good, a demurrer

to the complaint as an entirety should be overruled.

1. *Green* v. *Eden* (1900), 24 Ind. App. 583; *Pittsburgh, etc., R. Co.* v. *Reed* (1905), 36 Ind. App. 67; *Brake* v. *Payne* (1894), 137 Ind. 479; *Maynard* v. *Waidlich* (1901), 156 Ind. 562.

The special findings disclose that there was at one time a fence along the side of the right of way of appellant where the real estate abutted on the same, but when and by whom it was built is not disclosed, nor how long since it has been destroyed; but the following further fact is found: "That on said date there was no fence along the side of said right of way abutting on said real estate, and had not been for three years prior to July 11, 1905." The record discloses that appellant was served with notice by appellees to build said fence on July 11, 1905, as required under §5448 Burns 1908, Acts 1885, p. 224, §2. This notice was given pursuant to §5447 Burns 1908, Acts 1885, p. 224, §1, which provides that railroads completed at the time of the taking effect of this act, within twelve months, and roads thereafter completed, within twelve months after completion, shall be required to fence their rights of way and thereafter to maintain said fences. It also provides the kind of a fence to be erected and maintained.

The special findings clearly show that the judgment herein was rendered on the first paragraph of the amended complaint. Therefore, if there be any error committed 2. in overruling the demurrer to the second paragraph of the amended complaint, it was harmless. *Rohrof* v. *Schulte* (1900), 154 Ind. 183.

In view of what we have said as to other assignments of error, we are of the opinion that the court did not err either in stating its conclusions of law upon the special 3. facts found or in overruling appellant's motion for a new trial.

The law requiring railroads to fence their rights of way,

except where same are exempted, is a wise and wholesome law. The primary object of the legislature in the enactment of such a law was for the safety of the passengers upon the railroads.

An examination of the whole record in this case convinces us that the conclusions reached by the trial court were just and equitable, and the court by its findings and judgment meted out justice to the parties. The judgment is affirmed, with ten per cent penalty thereon.