## ELLISON v. RYAN.

[No. 6,366. Filed February 26, 1909. Rehearing denied April 30, 1909.]

1. APPEAL.—*Weighing Evidence.*—Where there is some evidence tending to prove every material allegation of plaintiff's complaint, the judgment of the trial court will not be disturbed. p. 611.

2. APPEAL.—*Briefs.—Instructions.*—A brief which sets out the questioned instructions given by the court, but not the additional ones given, does not properly present any question thereon. p. 612.

3. APPEAL.— *Briefs.— Evidence.— References to Transcript.*— In questioning the admission of testimony or its sufficiency, the brief should set out the page and line of the transcript where the same may be found. p. 612.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Daniel Ryan against Alfred Ellison. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Kittinger & Diven, W. S. Ellis* and *A. C. Call,* for appellant.

*Edward D. Reardon, Frank P. Foster* and *Francis A. Walker,* for appellee.

MYERS, J.—This was an action by appellee against appellant to enforce payment of a promissory note. To the com-

plaint, which was in one paragraph, appellant filed an answer of *non est factum*. The issue thus formed was tried by a jury and a verdict for $278 returned in favor of appellee. Over appellant's motion for a new trial judgment was rendered in favor of appellee and against the appellant for the sum named in the verdict.

For a reversal of that judgment appellant relies upon the error assigned on the action of the court in overruling his motion for a new trial.

Appellee makes the point that under the rules of the Supreme and Appellate Courts appellant has failed to present any question for our decision. It is true appellant's brief does not furnish us the reasons assigned in support of his motion for a new trial. After referring to the page and line of the transcript where the motion may be found it proceeds: "The motion for a new trial contains all of the errors relied upon for a reversal of the judgment of the court below." This is the only statement of the reasons assigned for a new trial. If we should pass this point and go to the record for the information required to be furnished in the brief and to the page and line of the transcript designated in the brief it will be found that the motion covers five pages of closely typewritten matter, and specifies thirty separate reasons in support of the motion. The first five question the sufficiency of the evidence to support the verdict, and allege that the verdict is contrary to law.

Under the heading "Testimony of Witnesses," appellant gives what purports to be a concise statement of the testimony of each witness, and the page and line of the transcript where the testimony of the particular witness may be found. The appellee in his brief has furnished us some additional statements of the testimony given by certain named witnesses. We have carefully considered all of this evidence with the view of determining whether the evidence was sufficient to support the verdict, and in our judgment, under the law as declared and fol-

lowed by the Supreme and Appellate Courts, where there is legal evidence supporting every essential fact necessary to be found to uphold the verdict, the same will not be disturbed on appeal. The evidence clearly meets the requirements of the rule and was sufficient to sustain the verdict.

In appellant's brief, following his concise statement of the evidence, we find what purports to be a copy of instructions seven and twelve given to the jury by the court on its own motion. It is apparent that these were not the only instructions given to the jury, but appellant has made no attempt to set out the additional ones in full, or to advise us as to their substance, nor is instruction twelve referred to by appellant in his "points."

The remaining reasons for a new trial are based upon alleged errors of the court in the admission or rejection of evidence, involving the examination of the testimony of at least six of the fourteen witnesses who testified during the trial of this case. The transcript of the evidence covers 132 typewritten pages of the record. The rulings discussed have not been identified as rulings designated in the motion through reference to any particular causes stated in the motion, unless it would be failure of evidence to support the verdict. Again, there are no references to particular pages and particular lines as the places in the transcript where the exceptions to the rulings may be found. Appellant's motion for a new trial was overruled July 30, 1906. On December 17, 1906, the record on appeal was filed in this court. On May 13, 1907, and more than two months before the expiration of the year in which to appeal, appellee filed. his brief calling attention to appellant's failure to comply with rule twenty-two of this court, and no attention was given or effort made to comply therewith. "It has been uniformly held that when a party fails to comply with the requirements of said rules, or any of them, that he waives the error if any was committed." *Tisdale* v. *State* (1906), 167 Ind. 83, and cases cited. As

bearing upon the several questions before considered, see *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245; *Chicago, etc., R. Co.* v. *Lawrence* (1907), 169 Ind. 319; *Providence Washington Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 120 Am. St. 395; *Chicago, etc., R. Co.* v. *Williams* (1907), 168 Ind. 276; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253; *Miller* v. *State* (1905), 165 Ind. 566; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438; *Baltimore, etc., R. Co.* v. *Evans* (1907), 169 Ind. 410; *Talbott* v. *Town of New Castle* (1907), 169 Ind. 173; *Tyler* v. *Davis* (1905), 37 Ind. App. 557; *Stephens* v. *American Car, etc., Co.* (1906), 38 Ind. App. 414; *Pittinger* v. *Ramage* (1907), 40 Ind. App. 486.

Judgment affirmed.