## McKINLEY ET AL. *v.* BRITTON ET AL.

[No. 8,353. Filed November 25, 1913.]

1. PLEADING.—*Theory.*—A pleading should proceed on a certain definite theory and its sufficiency must be determined on that theory. p. 24.

2. PLEADING.—*Theory.—Determination.*—The theory of a pleading must be determined by a consideration of its general scope and tenor, and the construction and theory adopted by the trial court will be adhered to on appeal, if it is susceptible to such construction and theory. p. 24.

3. APPEAL— *Review.— Pleading.— Theory.* — Where a pleading is reasonably open to two interpretations, that construction will be accepted on appeal which is in accord with and tends to sustain the ruling of the trial court on a demurrer to such pleading, unless the record shows that the lower court adopted the other theory. p. 24.

4. APPEAL.—*Harmless Error.—Ruling on Demurrer to Complaint.* —Sustaining a demurrer to a paragraph of complaint, if error, is harmless, where another paragraph proceeds on the same theory and imposes no additional burden in the matter of proof. p. 24.

5. APPEAL. — *Determination of Error. — Ruling on Demurrer. — Harmless Error.*—The court on appeal may look to the special finding of facts to determine if the ruling on a demurrer to a paragraph of complaint was prejudicial error; and where a paragraph remains under which the evidence admissible under the paragraph held bad was introduced, and there is a special finding of facts and conclusions of law and judgment based on such paragraph, the error in sustaining such demurrer will be deemed harmless. p. 25.

6. APPEAL.—*Review.—Presumptions to Support Judgment.—Theory of Complaint.*—Although appellant insists that a paragraph of complaint to which a demurrer was sustained was sufficient on the theory of an action to quiet title, where it was susceptible to the construction that it was on the theory of an action to set aside a deed on the ground of fraud and undue influence, it will be assumed that the demurrer was sustained because the trial court construed it as proceeding on the same theory as another paragraph seeking to have such deed set aside for fraud, and that the same evidence was necessary to a recovery under each paragraph, and the error, if any, was harmless in view of the fact that the finding shows that the evidence to support such theory was in fact admitted. p. 25.

7. CANCELLATION OF INSTRUMENTS.— *Ejectment.—Quieting Title.— Invalidity.—Remedy.*—The heirs of a deceased grantor, after dis-

affirming her deed on the ground of fraud, could treat the conveyance as avoided by such disaffirmance and sue in ejectment or to quiet title, or proceed in equity to have the conveyance cancelled and the title reinvested in them as the heirs of such deceased grantor, and could in one action pursue each of such courses by separate paragraphs of complaint. p. 27.

8. JURY.—*Right of Trial by Jury.—Equitable Issues.*—In a suit to set aside a deed on the ground of fraud, a motion to submit the trial of the issues to a jury was properly overruled, since the action was in equity and the remedy sought is enforcible only by invoking the equitable powers of the court. p. 28.

9. JURY.—*Right of Trial by Jury.—Equitable Issues.*—When any essential part of a cause is exclusively of equitable cognizance, the right of trial by jury does not obtain, even though certain elements of an action at law may be incidentally involved. p. 28.

10. APPEAL.—*Review.—Harmless Error.—Ruling on Motion to Submit Cause to Jury.*—Where a motion to submit the cause to a jury for trial was joint and asked the submission of all the issues to the jury, the overruling of same was not available error, even though the issue tendered by one paragraph of complaint was triable by jury, where another paragraph presented a cause of equitable cognizance. p. 28.

11. APPEAL.—*Questions Reviewable.—Briefs.—Record.*—No available error is presented as to the admission and exclusion of evidence, where neither the pages nor the lines of the record where such evidence, or the exceptions, can be found, are pointed out in appellants' brief. p. 29.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Nancy McKinley and others against Walker M. Britton and another. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Whittington & Williams* and *Kennedy & Kennedy,* for appellants.

*Crane & McCabe* and *Samuel M. Ralston,* for appellees.

HOTTEL, J.—Appellants brought this action in the Montgomery Circuit Court, where, on November 14, 1901, they filed a complaint in three paragraphs. A demurrer filed to each of these paragraphs was overruled as to the first and third and sustained as to the second paragraph. The issues were closed by an answer in general denial. A trial by the court in June, 1902, resulted in a finding and judgment

for appellees.    A motion for new trial was overruled April 23, 1903, and a new trial granted as of right on June 17, 1904.    The venue was then changed to the Boone Circuit Court where a fourth paragraph of complaint was filed on October 14, 1909.    A demurrer was sustained to this paragraph, after which the appellants filed the following motion, viz., "The plaintiffs in the above entitled cause respectfully move and request the court to, call a jury to try the issues in said cause."    This motion was overruled with exceptions in appellants' favor.    Both parties requested a special finding of facts and conclusions of law.    The trial was begun on October 15, 1909, and on the following day the third paragraph of complaint was dismissed.    There was a special finding of facts and conclusions of law in appellees' favor.    A motion for new trial filed by appellants was overruled and judgment rendered in accord with such findings and conclusions of law.    From this judgment, appellants appealed.

The errors assigned and relied on for reversal, call in question the ruling on the demurrer to the fourth paragraph of complaint and the ruling on the motion for a new trial.    We deem it unnecessary for the proper determination of the questions presented by the appeal to set out the several paragraphs of complaint.    It is sufficient to say that it is claimed by appellees and conceded by appellants that the fourth paragraph proceeds on the theory of a suit in equity to set aside a deed on the ground of fraud and undue influence.    The third paragraph, which was dismissed after the ruling on the demurrer to the fourth paragraph, and after the request for a trial of the issues by a jury, seeks to set aside the same deed on the ground that the grantor, under whom appellants claim as heirs, was of unsound mind, and incapable of acting with discretion and understanding in such matter at the time she made such deed and that the grantees, appellees, paid no consideration therefor.

In their presentation of the alleged error of the trial court in sustaining the demurrer to the fourth paragraph of complaint, appellants insist, in effect, that such paragraph was sufficient, both ''as an action at law to quiet title'' to the real estate involved, and as an action to set aside the deed under which appellees claim title to such real estate on the ground of fraud and undue influence. Such being appel- · lants' contention, the following general principles of law are applicable and controlling of the question involved:

(1) ''A pleading should proceed on a certain definite theory and its sufficiency should be judged and determined on that theory.'' Euler v. Euler (1914), 55 Ind. App. 547, 102 N. E. 856 and authorities there cited. (2) The theory of a pleading must be determined by a consideration of its general scope and tenor, and the construction placed on it and the theory adopted by the trial court will be adhered to on appeal, where such pleading, from its plain terms, is susceptible of such construction and theory. Euler v. Euler, supra, and authorities there cited; Flowers v. Poorman (1908), 43 Ind. App. 528, 531, 87 N. E. 1007; Lake Erie, etc., R. Co. v. McFall (1905), 165 Ind. 574, 579, 76 N. E. 400. (3) Where a pleading is reasonably open to two interpretations, that construction will be accepted · on appeal which is in accord with and will tend to sustain the ruling of the trial court on a demurrer to such pleading, unless the record shows that the lower court adopted the other theory. Muncie Pulp Co. v. Martin (1904), 164 Ind. 30, 32, 33, 72 N. E. 882, and authorities there cited; Apperson v. Lazro (1909), 44 Ind. App. 186, 196, 87 N. E. 97; 88 N. E. 99; Elliott, App. Proc. §§712, 720. (4) It is harmless error to sustain a demurrer to a paragraph of complaint where another paragraph is held sufficient which proceeds on the same theory and imposes no additional burden in the matter of proof over that required by the paragraph held insufficient.

*Sanders* v. *Crawford* (1907), 41 Ind. App. 245, 246, 83 N.
E. 719, and cases there cited. (5) The appellate
5. tribunal may look to the special finding of facts in
order to determine whether the ruling on a demurrer
to a paragraph of complaint was prejudicial error. *Gilli-
land* v. *Jones* (1896), 144 Ind. 662, 668, 670, 43 N. E. 939,
55 Am. St. 210; *Vandalia R. Co.* v. *McAninch* (1908),
43 Ind. App. 221, 86 N. E. 1031; *Rohrof* v. *Schulte* (1899),
154 Ind. 183, 55 N. E. 427. (6) Where there is a para-
graph of complaint, under which the evidence admissible
under a paragraph to which a demurrer has been sustained
was introduced and there is a special finding of facts and
conclusions of law and judgment based on such paragraph,
the sustaining of such demurrer will be harmless error.
*Goodwine* v. *Cadwallader* (1901), 158 Ind. 202, 61 N. E. 939;
*Conklin* v. *Dougherty* (1909), 44 Ind. App. 570, 572, 89 N.
E. 893; *Sanders* v. *Crawford, supra.*

While appellants are now insisting that their fourth para-
graph of complaint is sufficient as an action at law to quiet
title, we think it apparent from its averments that
6. such was not the theory intended by the pleader.
If such was intended as its theory, the pleader has
so burdened it with unusual and unnecessary averments
as to completely obscure such theory and justify the court
in determining its sufficiency on the theory herein indicated.
The usual averments that the defendants, without right,
are claiming and asserting some right, title or interest in
the real estate involved, and that such claim is a cloud on
plaintiff's title, are absent from such paragraph. True, such
facts possibly may be inferred from other facts pleaded,
but such other facts are pleaded by way of showing title
in appellees under a deed which it is averred they procured
from appellants' mother, by fraudulently and wrongfully
taking advantage of their confidential relations with her,
while acting as her confidential agents and advisors and
that they thereby unduly and illegally influenced her to

make such deed to them, and that they refuse to reconvey such title. In their prayer, they ask that such deed be adjudged "illegal, invalid and void." Indeed appellants, as we have already indicated, are contending in this court that the averments of this paragraph are (we quote) "sufficient to make a *prima facie* case of the invalidity of the alleged deed on the ground of fraud and undue influence." They admit also that the first paragraph proceeds on the same theory. It follows that the second and third propositions of law above announced require us to assume that the trial court sustained the demurrer to such paragraph of complaint because it construed it as proceeding on the same theory as the first paragraph and concluded that the same evidence was necessary to a recovery under each of such paragraphs. The finding of facts in the case shows that the evidence admissible under such theory of such complaint was in fact admitted, and hence under principles Nos. 4 and 5 announced, the error, if any, in sustaining the demurrer to said paragraph on such theory was harmless.

It is insisted by appellants that the harm resulting to them from this ruling becomes apparent when we consider the character of the evidence that would have been admissible had the court treated such paragraph as an action at law to quiet title, and held it sufficient on such theory. In this connection, it is contended by appellants, in effect, that if said paragraph had been held sufficient on such theory, that they, in the introduction of their evidence, could have simply shown title to the real estate involved, in their deceased mother, at the time of her death and that they were her heirs, and rested their case; and that when appellees introduced their deed, they could have followed with evidence showing that the grantor therein was of unsound mind when the deed was executed; that, by the sustaining of said demurrer, the appellants were deprived of the advantage of any evidence on the subject of the unsoundness of mind

of such grantor, because "the remaining part of the action, * * * was a suit to set aside the deed for fraud and undue influence and nothing more." In support of this contention appellants rely on the case of *Brown* v. *Freed* (1873), 43 Ind. 253, and the case of *Freed* v. *Brown* (1876), 55 Ind. 310.

It seems to be well settled that the rule in this State permitted the appellants, after their disaffirmance of the deed as alleged in both the first and fourth paragraphs of their complaint, to elect to pursue either one of two courses, viz., (1) to treat the conveyance as having been avoided by such disaffirmance and sue in ejectment or to quiet title; or (2) to proceed in equity to have the conveyance cancelled and the title reinvested in them as the heirs of the deceased grantor, Jane Britton. *Monnett* v. *Turpie* (1892), 133 Ind. 424, 32 N. E. 328; *Monnett* v. *Turpie* (1892), 132 Ind. 482, 32 N. E. 328, and cases there cited; *Muncie Pulp Co.* v. *Martin* (1904), 164 Ind. 30, 32, 72 N. E. 882; *Flint & Walling Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N. S.) 924; *Krise* v. *Wilson* (1903), 31 Ind. App. 590, 592, 68 N. E. 693. It is also true as appellants contend that they had the right in separate paragraphs of the same complaint to pursue each of said courses. And, if appellants had a complaint, the separate paragraphs of which proceeded on such separate theories, their contention would be supported by authority, but the trouble with appellants' complaint is that both of the paragraphs proceed on the last theory, or at least were open to such construction. We might, as a further answer to appellants' contention say, that the ruling on said demurrer when made, did not deprive them of said evidence of unsoundness of mind of said grantor in said deed, for the reason that their said third paragraph of complaint had not then been dismissed, and it expressly tendered such issue. Upon this proposition the case of *Sanders* v. *Crawford, supra,* is especially in point. So that viewed

from any standpoint, the authorities herein cited conclusively show that no available error is presented by the court's ruling on the demurrer to the said fourth paragraph of complaint.

No error resulted from overruling appellant's motion to submit the trial of the issues to a jury, because it is admitted by appellants that this first paragraph of complaint proceeds (we quote from appellants' brief) "upon the theory of an action to set aside a pretended deed executed by Jane Britton deceased, to appellees, Walter and Frank Britton, purporting to convey to them all of her real estate, on the ground that said pretended deed was procured by fraud." Such an action is one in equity and the remedy sought can be enforced only by invoking the equitable powers of the court, and the rule is that whenever any essential part of a cause is exclusively of equitable cognizance, the right of trial by jury does not obtain, even though certain elements of an action at law may be incidentally involved. *Monnett* v. *Turpie, supra; Martin* v. *Martin* (1888), 118 Ind. 227, 20 N. E. 763; *Towns* v. *Smith* (1888), 115 Ind. 480, 16 N. E. 811; *Stix* v. *Sadler* (1886), 109 Ind. 254, 9 N. E. 905; *Carpenter* v. *Willard Library* (1900), 26 Ind App. 619, 60 N. E. 365; *McCoy* v. *Oldham* (1890), 1 Ind. App. 372, 27 N. E. 647, 50 Am. St. 208.

The theory of the first paragraph of complaint being admitted to be as above stated, it is not necessary to determine whether the third paragraph, which was before the court when this motion was overruled, was triable by jury, for the reason, that the motion as before indicated, was joint and asked the submission of all the issues to the jury, and hence no available error resulted from overruling it if either paragraph of the complaint presented a cause of action of equitable cognizance. *Cincinnati, etc., R. Co.* v. *Cregor* (1898), 150 Ind. 625, 627, 50 N. E. 670;

*Sievers* v. *Peters, etc., Lumber Co.* (1898), 151 Ind. 642, 50 N. E. 877; 52 N. E. 399; *Jones* v. *Peters* (1901), 28 Ind. App. 383, 386, 62 N. E. 1019.

The first five grounds of appellants' motion for a new trial attempt to present certain rulings of the trial court in the admission and exclusion of evidence. Neither the pages nor the lines of the record where such admitted or excluded evidence or the exceptions thereto can be found, are anywhere pointed out in appellants' brief. While other reasons might be given for holding that such grounds of the motion for new trial present no available error, the giving of them is rendered unnecessary by the omission in appellants' brief indicated. *Providence, etc., Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 704, 80 N. E. 26, 120 Am. St. 395; *Indiana, etc., R. Co.* v. *Ditto* (1902), 158 Ind. 669, 672, 64 N. E. 222; *Ellison* v. *Ryan* (1908), 43 Ind. App. 610, 612, 87 N. E. 244; *Tyler* v. *Davis* (1905), 37 Ind. App. 557, 571, 75 N. E. 3.

A careful examination of the finding of facts in this case and of the evidence set out in the respective briefs convinces us that the merits of the cause have been fairly tried, and finding no available error in the record harmful to appellants, the judgment below is affirmed.

NOTE.—Reported in 103 N. E. 349. See, also, (1) 31 Cyc. 84; (2) 2 Cyc. 672; 31 Cyc. 84; (4) 31 Cyc. 358; (6) 3 Cyc. 286; (8) 24 Cyc. 117; (9) 24 Cyc. 113; (10) 38 Cyc. 1936; (11) 2 Cyc. 1015. As to cancellation of instruments notwithstanding defense at law, see 9 Am. St. 859. As to the right to a jury trial in an action to quiet title, see 3 Ann. Cas. 248; 18 Ann. Cas. 245.